## TAYLOR v. UNITED STATES.
### No. 4349.

United States Court of Appeals
Tenth Circuit.

Jan. 4, 1952.

Appellant submitted brief pro se.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., and Harry G. Foreman, Asst. U. S. Atty., Norman, Okl., for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This is a proceeding under 28 U.S.C.A. § 2255 to vacate a judgment and sentence entered by the United States District Court for the Western District of Oklahoma.

The trial court overruled the motion without a hearing and this appeal followed. Our only question now is whether the defendant is entitled to a hearing on the motion.

The principal ground for relief set forth in the motion is that in all the proceedings before the District Court prior to and at the time of sentence, the defendant was without counsel and had not made a competent and intelligent waiver thereof. The record does not contain a transcript of the proceedings before the District Court nor does it indicate in any manner what advice the court gave the defendant or the nature of the information which he had or received regarding his right to counsel. The only reference to the waiver is contained in the Clerk's minutes and the judgment and sentence which recite only the conclusion that the defendant "being fully apprized of his rights, waived the appointment of counsel by the court." The court in its order overruling the motion found "from the files and records in this case, together with the personal knowledge of this court that the defendant is not entitled to the relief sought" and made a competent and intelligent waiver of the appointment of an attorney.

Section 2255 provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Although the proceeding is a direct attack upon the judgment, the rights granted under the statute are limited to those available on a collateral attack. Hurst v. United States, 10 Cir., 177 F.2d 894; Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965, certiorari denied 340 U.S. 897, 71 S.Ct. 234, 95 L.Ed. 650. The facts in Cherrie v. United States, 10 Cir., 179 F.2d 94, were very similar to those set forth in this motion. There we held that the record did not conclusively show that the defendant was entitled to no relief and ordered a hearing on the motion. When an accused in a criminal case appears before a court without counsel, the duty of the court in advising that person of his right to be represented is clearly outlined in Von Moltke v. Gillies, 332 U.S. 708, 722, 68 S.Ct. 316, 92 L.Ed. 309; Cherrie v. United States, supra; Snell v. United States, 10 Cir., 174 F.2d 580, and need not be repeated here. As stated in the Von Moltke case, this duty may not be discharged by mere "procedural formality." The record here does not conclusively disclose that the defendant is entitled to no relief and the court should have granted a hearing on the motion permitting the defendant to offer proof of his allegations.

It is suggested that the recitation in the Clerk's minutes and the judgment and sentence of the court that the defendant had been fully apprized of his rights to counsel was final and binding in this proceeding. We held to the contrary in Snell v. United States, supra.

Reversed and remanded for further proceedings in accordance with the views herein expressed.