**Charles CATALANO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 133, Docket 27141.**

United States Court of Appeals
Second Circuit.

Submitted Dec. 8, 1961.

Decided Jan. 17, 1962.

Charles Catalano, appellant, pro se.

Joseph P. Hoey, U. S. Atty., E.D.N.Y., Brooklyn, N. Y. (Donald N. Ruby, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before WATERMAN, SMITH and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

Charles Catalano, presently serving a twenty-five year sentence for armed bank robbery at Alcatraz, appeals from the denial, without a hearing, by the United States District Court for the Eastern District of New York of a motion pursuant to 28 U.S.C.A. § 2255 to vacate the judgment of conviction there rendered.

Reading Catalano's papers with the liberality to be accorded pleadings of an incarcerated litigant not represented by counsel see Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941), we conclude that petitioner's detailed allegations, replete with dates and with the names both of alleged participants and of witnesses, sufficiently pose the contention that petitioner was rendered incompetent throughout the trial by the daily administration of medicines at the place where he was then confined.

Petitioner's competency during the trial may be challenged by motion under 28 U.S.C.A. § 2255, Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956).[1] No claim of such incompetency was litigated at the trial or presented by prior motion under § 2255. Nothing in the present motion or in the files and records of the case conclusively controverts his assertions. The affidavit in opposition is insufficient to show that Catalano's assertions are frivolous. Consequently, improbable or unbelievable as these assertions may be, see Walker v. Johnston,

[1] Although 18 U.S.C.A. § 4245 provides a procedure by which, upon certification by The Director of The Bureau of Prisons, a prisoner's competency during the trial may be investigated after his conviction, we do not pause to consider the effect of this section on motions under 28 U.S. C.A. § 2255 grounded on incompetency during the trial resulting from mental disease or defect, see 28 U.Chi.L.Rev. 154 (1960). Even if 18 U.S.C.A. § 4245 be regarded as the exclusive means for pressing such a claim, and we do not at all imply that we would so hold, it was plainly not devised for inquiry into a temporary incapacity without residual effect, Johnston v. United States, 292 F. 2d 51 (10th Cir. 1961).

**618**

312 U.S. 275, 287, 61 S.Ct. 574, 85 L.Ed. 830 (1941), there must be a hearing at which Catalano is present and at which he may both call and examine witnesses, United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); United States v. Paglia, 190 F.2d 445 (2 Cir. 1951); Green v. United States, 158 F.Supp. 804 (D.Mass. 1958), aff'd 256 F.2d 483 (1st Cir.), cert. denied 358 U.S. 854, 79 S.Ct. 83, 3 L.Ed.2d 87.

We recognize that the various collateral procedures designated to remedy fundamental injustice have been much abused; indeed it was to alleviate such abuse that § 2255 was enacted, see United States v. Hayman, supra, pages 210–219. But abuse of judicial process must rather be risked than denial of fundamental rights, see United States v. Tribote, 297 F.2d 598 (2 Cir., decided November 22, 1961). Moreover in suitable instances the perjury statute may be invoked.

Reversed and remanded for hearing.