**Charles CATALANO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Crim. No. 44008.**

United States District Court
E. D. New York.

May 25, 1962.

Charles Catalano, pro se, for the motion.

Joseph P. Hoey, U. S. Atty., by Donald N. Ruby, Asst. U. S. Atty., of counsel, in opposition.

RAYFIEL, District Judge.

On August 11, 1955, after a trial lasting twelve court days, the petitioner was convicted on all counts of a 3-count indictment charging him and others with conspiracy to rob and the armed robbery of a branch of the Bank of the Manhattan Company, in Queens County, New York, in violation of Sections 371, 2113(a) and 2113(d) of Title 18 United States Code. He was sentenced to imprisonment for 5, 20 and 25 years under the counts involving those respective sections, the sentences to run concurrently, and is presently in federal custody.

During the trial, and since, a number of efforts have been made by or in behalf of the petitioner to obtain relief of one kind or another from his involvement in the crimes charged. At the opening of court on August 8, 1955, some 13 days after the commencement of the trial,

counsel for the petitioner informed the trial judge that an unidentified person had telephoned him, stating that federal officers had discussed the case in the presence of several trial jurors, and that in the course of such discussions one of the officers had stated that the petitioner was "worse than Willie Sutton" (a notorious criminal, since deceased). Counsel's request for an inquiry into the incident was denied. Later that day the attorneys representing the petitioner and one Kritsky, a co-defendant, informed the trial judge that Kritsky's brother, while a passenger with 4 or 5 of the trial jurors in an elevator in the courthouse, heard "someone" make a similar comparison of the petitioner and Sutton. A request for an inquiry into *that* charge was also denied. On appeal, based solely on the aforementioned incidents, the conviction was affirmed on March 19, 1956. (2 Cir., 231 F.2d 67).

In September, 1959, *three and one-half years thereafter*, the petitioner, *pro se*, moved under Section 2255 of Title 28 United States Code, to vacate the sentence imposed on him, claiming certain alleged irregularities on the part of an Assistant United States Attorney, committed *during the course of the jury's deliberations*. Chief Judge Bruchhausen denied the motion (D.C. 185 F.Supp. 463) and his order entered thereon was affirmed on appeal. (2 Cir., 281 F.2d 184). Petitioner's application for a writ of certiorari was denied. (364 U.S. 845, 81 S.Ct. 88, 5 L.Ed.2d 69).

In September, 1960, petitioner moved under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. to vacate the aforementioned sentences, claiming that the imposition of multiple sentences under Subdivisions (a) and (d) of Section 2113, supra, was illegal. Except as to the sentence imposed under Subdivision (a), which was to run concurrently with the others, the motion was denied, and, on appeal, the order entered thereon was affirmed.

On or about March 13, 1961, some six years after the imposition of sentence, the petitioner again moved under Section 2255, supra, to vacate and set aside the judgment of conviction and the sentence imposed thereunder, claiming that between July 30, 1955 and August 11, 1955, during the progress of the trial, and while he was confined in The Tombs Prison, in New York City, after the conclusion of each court day, drugs were administered to him daily, both orally and hypodermically, and that as a result thereof he was sleepy and lackadaisical during the sessions of the court, and had no understanding or recollection of what occurred at several of the court sessions. Chief Judge Bruchhausen denied the motion without a hearing. On January 17, 1962 the Court of Appeals reversed (2 Cir., 298 F.2d 616) and remanded for a hearing.

On April 16, 1962 the petitioner, having been brought to this court from Alcatraz pursuant to a writ of habeas corpus ad testificandum, was informed that a hearing on his petition would be held on April 27th, and that he would be expected to promptly engage counsel, as he had previously indicated he intended to do, and consult with him in preparation for the hearing. On the morning of April 27th a Mr. Peter J. Peluso, an attorney, telephoned to say that he had been retained to represent the petitioner, but would be unable to appear on that day inasmuch as he had another engagement. He stated that he had not been retained until the preceding evening, *ten* days after the petitioner's arrival from Alcatraz, and had not yet conferred with his client.

After the matter was called by the Clerk at about 10:30 A.M. on April 27th I informed the petitioner of Mr. Peluso's call and adjourned the hearing to May 11th at 10:30 A.M., telling the petitioner to inform his attorney of the adjourned date and instruct him to file his notice of appearance, as I had already requested him to do. At about 3:15 P.M. on April 27th Mr. Peluso telephoned my chambers and was informed that the hearing would be held on May 11th. It may be added

that several conflicting reasons were offered by the petitioner and "telephone answering service" for Mr. Peluso for his failure to appear on April 27th.

He failed to appear on May 11th and the hearing was adjourned to May 18th, on which date the petitioner was informed it would proceed without further delay. The Court offered to assign counsel to represent the petitioner but the latter declined, insisting that Mr. Peluso represent him.

On May 18th the latter failed again to appear, and has neither conferred with the petitioner nor filed a notice of appearance herein, although upwards of five weeks have elapsed since the petitioner's arrival in New York from Alcatraz. This Court then directed that the hearing proceed and the petitioner was invited to testify in his own behalf and call witnesses in support of the charges contained in his petition. He declined to do so. The Government then called Dr. Sisca, charged in the petition with having administered the drugs in question, and Correction Officers Walsh and Gentile, alleged to have held the petitioner in restraint to permit such administration. They categorically denied the charges. The Government then introduced in evidence records of The Tombs Prison which supported such denials.

I am convinced that the application herein is entirely without merit, being based on wholly improbable facts. I find it difficult to believe that the petitioner's experienced counsel, who must have conferred with him frequently during the course of the trial, could have failed to note his enervated physical and mental condition, if in fact it existed, and make application to the trial judge for appropriate relief. If the charges contained in the petition were bona fide the petitioner would not have waited seven years to assert them. He would undoubtedly have included them in the applications for relief previously made to the Court. It may be added that in the case of an application so belatedly made the petitioner should be required to show good cause for his failure to urge in previous applications the grounds alleged in the instant petition. Moore v. United States, C.A.D.C., 278 F.2d 459.

I find that the petitioner has failed to sustain his burden of proving his charge that he was physically and mentally incapable of consulting with his attorney during an extensive part of his trial, and assisting in his defense.

Because of the belatedness of his motion, his failure to engage counsel, and the false and frivolous character of his charges, I am convinced that the petitioner's application is an attempt to obtain, at Government expense, relief from the monotony and discipline incident to his confinement in Alcatraz by a change in institutional scenery.

The petitioner's motion is denied. This constitutes the findings of fact and conclusions of law herein.

Submit proposed order, and forward to the petitioner at his place of confinement a copy thereof, with notice of its entry, and a copy of this decision.