Charles CATALANO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 158, Docket 27744.

United States Court of Appeals Second Circuit.

Argued Dec. 5, 1962.

Decided Dec. 28, 1962.

---

Charles Catalano, pro se.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., Donald N. Ruby, Asst. U. S. Atty., Brooklyn, N. Y., for appellee.

Before LUMBARD, Chief Judge, and SWAN and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge.

█ This is an appeal from an order of the United States District Court for the Eastern District of New York, Rayfiel, J., which, after a hearing, denied the appellant's motion under 28 U.S.C. § 2255 to set aside his conviction for armed robbery. The district judge properly denied the relief requested. We affirm the order below.[1]

The appellant was convicted in 1955 on three counts of armed bank robbery, and Judge Bruchhausen imposed concurrent sentences of imprisonment, the longest of which was for twenty-five years. The judgment of conviction was affirmed by this court. United States v. Catalano, 2 Cir., 231 F.2d 67 (1956).

In 1959, the appellant brought a motion under 28 U.S.C. § 2255 to vacate his sentence, alleging errors not considered on the prior appeal. The motion was denied. Catalano v. United States, 185 F.Supp. 463 (E.D.N.Y.). This court affirmed, 281 F.2d 184, and the Supreme Court denied certiorari, 364 U.S. 845, 81 S.Ct. 88, 5 L.Ed.2d 69 (1960).

In September 1960, the appellant moved under Rule 35 of the Federal Rules of Criminal Procedure to vacate the sentences imposed on him. Except as to one of the concurrent sentences, not the longest, the motion was denied by an order of the district court dated October 31, 1960 (E.D.N.Y.), and we summarily affirmed on February 17, 1961.

On March 13, 1961, the appellant brought a second motion under § 2255 alleging that prison authorities had administered drugs to him during his trial and that he was for that reason unable to assist in his defense. The motion was denied without a hearing on June 26, 1961. On appeal, this court reversed the order below and directed that a hearing be held. Catalano v. United States, 2 Cir., 298 F.2d 616 (1962). We said that however "improbable or unbelievable" the appellant's contentions might seem, they had not been shown to be frivolous, and the appellant was therefore entitled to a hearing. Id. at 617–618. Despite the possibility for abuse of the collateral procedures available to those who have been convicted of a crime, "abuse of judicial process must rather be risked than

1. The appellant being detained in prison, this appeal was considered on submissions by the parties without oral argument.

See Elchuk v. United States, 370 U.S. 722, 82 S.Ct. 1574, 8 L.Ed.2d 802 (1962).

denial of fundamental rights." Id. at 618. A hearing has now been held and the appellant's motion denied. 204 F. Supp. 881 (E.D.N.Y.1962). This appeal brings the case before us for the fifth time.

The appellant's affidavit in support of his motion asserts that on the night before his trial commenced, he suffered severe pains in his back; that the physician of the prison where he was detained, one Dr. Sisca, was called and gave him an injection inducing sleep; that again during the early days of the trial the pain appeared, and that thereafter until the trial ended (about thirteen days), he was daily given an injection before going to court and a capsule before going to bed; and that these ministrations made him unable to follow the course of the trial and to defend himself. The affidavit also states that on the last three days of the trial he refused to take the drugs and had to be forcibly restrained by prison guards while the injections were administered.

Pursuant to the mandate of this court following the denial of his motion without hearing, the appellant was brought east from Alcatraz Prison in California. He appeared before the district court on April 16, 1962, and was advised by the judge that a hearing on his motion would be held on April 27. He was told that he would have to engage an attorney unless he wished the court to assign one, and replied that he would engage an attorney himself. He was advised that his attorney would have to file a notice of appearance and be prepared to argue the motion on April 27.

On the morning of April 27, the district judge received a telephone call from one Peter Peluso, an attorney, who stated that he had been retained by the appellant the night before, but that he was engaged in a trial and could not appear that day. The judge informed Mr. Peluso that the hearing would be adjourned until May 11 and that he would have to file a notice of appearance before that date.

On May 11, the case was called. No notice of appearance had been filed. Mr. Peluso did not appear at the hearing or otherwise communicate with the judge. The appellant informed the court that he had not as yet spoken with Mr. Peluso, who had been engaged by the appellant's brother, but that he understood that Mr. Peluso was working on a case and would appear when the case was completed. The judge advised the appellant that he had tried on several occasions to contact Mr. Peluso at his office and that he had received conflicting reports of his whereabouts and the reasons for his nonappearance. The case was again adjourned, this time until May 18. The judge stated to the appellant and his wife, who was present in court:

"I am going to adjourn this case for a week with this proviso: that forthwith, just as soon as it is possible to do so, a lawyer be obtained to represent your husband in this hearing which will be held a week from today at 10:30, which means the 18th of May at 10:30 in the morning. I expect him to have counsel here if he wants to engage counsel. If he doesn't want to engage counsel he will have to conduct his own hearing."

Several times more the judge advised the appellant that he should obtain a lawyer who would represent him. The hearing of May 11 concluded with the following exchange between the appellant and the judge:

"The Defendant: I just believe that it's my understanding that I'm entitled to a lawyer of my own choosing.

"The Court: You have a lawyer. You say his name is Peluso.

"The Defendant: That's true.

"The Court: In violation of the instructions of this Court he has failed to file a notice of appearance. If he is your lawyer, and if he has any desire to be of assistance to you as a lawyer, he would have followed the Court's instructions to consult with you as he was directed to do so

he could be prepared to present your case.

"Now, whether its Peluso or anybody else this case will be on at 10:30 A.M. on May the 18th, 1962, a week from today, and at which time you will be expected to proceed with your case.

"This concludes the hearing."

On May 18, the case was called again. The appellant stated that he had still had no contact of any kind with Mr. Peluso, who did not appear. After having recited the record of repeated delays, the court directed that the hearing proceed, over the appellant's protest that he had no attorney and his witnesses were not present. The appellant declined to make a statement or have anything else to do with the hearing. The government then brought forward three witnesses. Two of them were among the four guards named in the appellant's affidavit as having participated in the forcible administration of drugs. They flatly denied the appellant's story in its entirety, saying also that they had not observed any other guards forcibly administering drugs to the appellant at any time. In addition, they testified that to the best of their knowledge no guards bearing the other names given in the affidavit had ever been employed in the prison. The third witness was Dr. Sisca. He too denied the appellant's allegations. Finally, the government introduced into evidence a clinic book in which were recorded all medical treatments given to prison inmates. Dr. Sisca testified that it was his invariable practice to make a record of every treatment he prescribed. There were no entries to corroborate the appellant's contentions.

Both the government's attorney and the court carefully and fully questioned the three witnesses concerning the disputed facts. The appellant was repeatedly asked by the court whether he wished to pose any questions or make a statement; he declined to do so. Although the appellant claimed that he had eight witnesses who would support his story, he made no effort to produce them at the hearing. It is noteworthy that despite the appellant's repeated appearances in court, no mention was ever made of his alleged drug-induced stupefaction at the trial until the present motion was made, almost six years after his conviction. Cf. Aiken v. United States, 191 F.Supp. 43, 50 (D.C.N.C.), aff'd 296 F.2d 604 (4 Cir., 1961). We think that in these circumstances, the entry of any order other than the denial of the appellant's motion, resting as it did wholly on his unsupported affidavit, is inconceivable.

There is no merit in the appellant's contention that he was denied a fair hearing because "the Court below would not give appellant the opportunity either to obtain his own counsel or to appoint counsel." Appellant's Brief pp. 3–4. He refused the court's offer to appoint counsel. When his own counsel failed to make an appearance or even file a notice of appearance, the court granted repeated adjournments; the appellant failed to make any effort to secure other assistance, despite the court's several admonitions to him to do so.

Affirmed.