Billy Joe WRIGHT, Appellant,

v.

Fred R. DICKSON, Warden, California
State Penitentiary, Appellee.

No. 19234.

United States Court of Appeals
Ninth Circuit.

Sept. 11, 1964.

Rehearing Denied Oct. 30, 1964.

Billy Joe Wright, in pro per.

Stanley Mosk, Atty. Gen. of California, Robert R. Granucci, Deputy Atty. Gen. of California, San Francisco, Cal., for appellee.

Before HAMLEY, HAMLIN, and BROWNING, Circuit Judges.

BROWNING, Circuit Judge.

## I

Appellant is serving a prison sentence imposed by a California Superior Court following his plea of guilty to a charge of burglary. After exhausting state remedies, he petitioned the district court for a writ of habeas corpus. The petition alleged that he had not had counsel and had not knowingly and intelligently waived counsel. He alleged that he had lacked "the intelligence and competency" to waive an attorney; that at the time of his conviction he was "an ignorant and illiterate young man, unversed in Legal Procedure, with no record."

The district court issued an order to show cause. In its return the State contended that appellant "was not denied the right to counsel" and that this was "demonstrated" by four exhibits attached to the return.

The first exhibit was a certified copy of entries made by the Clerk of the Justice Court of Trinity County on June 4 and June 10, 1954. The June 4 entry recited that appellant and one Berkeley "were brought into this court and advised of their rights. They expressed their desire to counsel. Defendants were allowed time prescribed by law to secure same." The June 10 entry stated that appellant and Berkeley "appeared in this court this day having entirely exonerated Gordon Wallace Annis on all charges except the charge of petty theft," and "were bound over to the Superior Court of Trinity County to answer the charge of burglary —a felony."

The second exhibit was a certified copy of the notes of the Clerk of the Superior Court of Trinity County, recording the arraignment of appellant and Berkeley on June 16, 1954. These notes included the following recitals: "The court informs the defendants of their right to counsel at all stages of the proceedings against them. The defendants waive the right to an attorney and are willing to proceed at this time"; and "The court asks Billie Joe Wright how he pleads and he pleads guilty to count one * * *."

The third exhibit was a certified copy of two pages of a transcript of appellant's sentencing in the Superior Court on June 28, 1954. The transcript disclosed that the sentencing Judge had recited the contents of the Clerk's notes of the June 16 hearing regarding appellant's waiver of counsel, and asked appellant if he had legal cause why judgment should not be pronounced against him; that appellant had answered "No, sir," and was then sentenced.

The fourth exhibit was an affidavit of the District Attorney for Trinity County stating that prior to the entry of appellant's plea he told appellant that he "had the right to be represented by counsel," and that appellant "was properly advised of his legal rights and entered his plea of guilty to the offense charged of his own free will and volition."

The district court dismissed the petition and discharged the order to show cause without holding an evidentiary hearing. The court's order reads: "[T]he Court having reviewed [the exhibits which we have decribed] * * * finds that petitioner was accorded his constitutional rights, including the opportunity of having the court appoint counsel to represent him; that he waived such right for the appointment of counsel knowingly and in an intelligent manner and thereafter entered his plea of guilty. Thus, the facts disclose that petitioner was not denied the right to counsel as alleged in his petition."

In a verified motion for a certificate of probable cause thereafter filed with the district court, appellant asserted that although he had asked for counsel on June 4, on June 10 "a plea of guilty was obtained in the Justice Court, at a time when petitioner was without counsel, and petitioner was bound over to the Superior Court." In this document appellant also noted that although the Superior Court records recited that in that court appellant had been informed of his right to counsel and had waived the right, there was nothing in the record to show that he "understood his rights, or a waiver"; that in fact he was a first offender; could neither read nor write; "did not know his 'rights'"; and that, in any event, "due process had already been denied by that time and it could not be cured by an offer of counsel in the Superior Court, after a plea of guilty had been obtained."

In his brief in this court appellant states that he "was a first offender, with a second grade education, knowing nothing of Court procedure. He was 21 years of age at the time of trial, and could neither read nor write." He asserts that although he asked for counsel at the June 4 appearance before the Justice Court, and was "allowed time prescribed by law to secure same," he was not advised of his right to the aid of counsel, nor was counsel provided. He also states that "on June 10, without the aid of counsel, and without being advised of his rights, he was 'examined' by the prosecutor, and he went into detail on the facts." As to the district court's finding that appellant was advised of his right to counsel in the Superior Court and had waived counsel, appellant claims that he "can prove that he knew nothing of courtroom procedure, or of any 'rights.' He did not know the meaning of the word 'waiver.' "

The allegations made in the various *pro se* documents filed by appellant may be summarized as follows: Appellant asserts that he expressed his desire for counsel at his June 4 appearance before the Justice Court; that he was not provided counsel but was brought again before the Justice Court six days later, and was then questioned by the prosecuting officer as to the details of the offense. He characterizes the June 10 hearing as

one in which his own guilty plea was obtained, rendering the offer of counsel at the subsequent formal arraignment meaningless. Appellant further asserts that he was not provided counsel when formally arraigned and sentenced in the Superior Court on June 16 and June 28, and that he did not, and because of his illiteracy, ignorance and youth could not, knowingly and intelligently waive the assistance of counsel.

## II

 Unless a petition for habeas corpus reveals on its face that as a matter of law the petitioner is not entitled to the writ, the writ or an order to show cause must issue. 28 U.S.C.A. § 2243. The usual practice is for the petitioned court to issue an order to show cause.

 It is not the purpose of the show cause proceeding to resolve disputed issues of fact, but only to determine whether such issues exist. If the show cause proceeding discloses the existence of substantial[1] issues of fact, which if resolved in accordance with the petitioner's contentions would entitle him to relief, then the district court must hold an evidentiary hearing to determine those issues. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830 (1941). Only if it appears from undisputed facts disclosed by the petition, the response to the order, and the answer, if any, that as a matter of law petitioner is entitled to discharge, or that as a matter of law he is not, may an evidentiary hearing be avoided.

 There is an exception. If a "state-court trier of fact has after a full hearing reliably found the relevant facts," the district court may, after calling for and examining the record of the state court evidentiary hearing, accept that court's resolution of the factual issues. Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The present case does not fall within the Townsend exception. So far as appears, the factual issues raised by the appellant were never the subject matter of an evidentiary hearing in a state court. In any event, no record of such a hearing was presented to the district court.

 Reading appellant's documents[2] with the required "measure of tolerance" (Pike v. Dickson, 323 F.2d 856, 857 (9th Cir. 1963)),[3] and in the light of the exhibits attached to the State's return, we think a number of fac-

---

[1]. The Supreme Court has said that an order to show cause may be discharged and the petition for habeas corpus may be dismissed without a hearing if the factual allegations are "patently frivolous or false on a consideration of the whole record * * *" (Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118–119, 76 S.Ct. 223, 225, 100 L.Ed. 126 (1956); see also United States v. La Vallee, 319 F.2d 308, 312 (2d Cir. 1963)), but "the Government's contention that [petitioner's] allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence." Walker v. Johnston, 312 U.S. 275, 287, 61 S.Ct. 574, (1941). We are not called upon to attempt an application of the distinction. The State has not suggested that the petitioner's allegations are either "improbable and unbelievable" or "patently frivolous or false."

[2]. To the extent that they clarify and particularize appellant's allegations, we have considered the factual assertions in appellant's application for certificate of probable cause and in his briefs filed in this court. The former were before the district court and should have been considered by the court as an amendment to the original petition, and no doubt would have been, if the court had felt that they significantly altered the case. United States v. La Vallee, 330 F.2d 303, 307 (2d Cir. 1964). Briefs filed in this court of course were not before the district court, and we consider their factual averments only in the interest of avoiding needless circuity, since if we found the assertions to be significant it would be proper to treat them as an amendment to appellant's original application and refer them to the district court for consideration. Cf. Coffin v. Reichard, 143 F.2d 443, 444–445 (6th Cir. 1944).

[3]. Quoting Chief Judge Sobeloff in United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

.tual issues are raised which, if decided in appellant's favor, would entitle him to relief.

■■ Under the rule of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758 (1964), appellant was denied his constitutional right to assistance of counsel at the June 10 hearing if the investigation was then no longer a general inquiry but had focused on appellant (which seems incontrovertible, interrogation was conducted leading to incriminatory statements, appellant had requested and been denied counsel and appellant had not been effectively warned of his absolute constitutional right to remain silent.[4] As Justice White pointed out in dissent,[5] it makes no difference whether appellant asked to consult retained counsel or to be provided with the assistance of appointed counsel, nor, indeed, whether he requested counsel at all, except as the latter fact might bear upon waiver.[6] If appellant's subsequent plea of guilty was induced by incriminating statements obtained by such an interrogation, it could not stand.[7]

■ Under the rule of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), appellant's constitutional rights were likewise violated if, as he alleges, he was not accorded and did not waive assistance of counsel at his arraignment and sentencing.[8] It would make no difference whether appellant requested counsel or that he pleaded guilty except, again, as these facts might be relevant to the issue of waiver.[9]

However, the State argues that the affidavit of the District Attorney and the court records attached to the State's return establish that appellant was advised of his right to counsel and waived that right.

■ The only proper function of affidavits filed in a show cause proceeding is to bring to the court's attention facts which may be undisputed, and to put in issue those which are in dispute. "[I]ssues of fact presented in habeas corpus proceedings may not be established by ex parte affidavits." Jones v. Cunningham, 313 F.2d 347, 349 n. 4 (4th Cir. 1963), and cases cited. Denials of a petitioner's allegations in an affidavit filed with a response to an order to show cause "only serve to make the issues which must be resolved by evidence taken in the usual way. They can have no other office. The witnesses who made them must be subjected to examination *ore tenus* or by deposition as are all other witnesses."

4. See also Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Crooker v. California, 357 U.S. 433, 439, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958); Lee v. United States, 322 F.2d 770 (5th Cir. 1963); Brubaker v. Dickson, 310 F.2d 30, 38–39 (9th Cir. 1962); Griffith v. Rhay, 282 F.2d 711, 717 (9th Cir. 1960).

5. 378 U.S. at 495, 84 S.Ct. 1758, citing Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799; Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811; and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70 (1962).

6. Carnley v. Cochran, 369 U.S. 506, 513, 76 S.Ct. 585 (1962); Griffith v. Rhay, 282 F.2d 711, 717 (9th Cir. 1960). See also Lee v. United States, 322 F.2d 770, 777 (5th Cir. 1963).

7. Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 122, 76 S.Ct. 223 (1956). See also Thomaston v. Gladden, 326 F.2d 305, 307 (9th Cir. 1964); United States v. La Vallee, 318 F.2d 499 (2d Cir. 1963).

8. See also White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); Walton v. Arkansas, 371 U.S. 28, 83 S. Ct. 9, 9 L.Ed.2d 9 (1962); Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1962).

9. Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650 (1964); United States v. La Vallee, 330 F.2d 303, 307 (2d Cir. 1964). See also Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157 (1962).

Walker v. Johnston, 312 U.S. 275, 287, 61 S.Ct. 574, 579 (1941).[10]

 Therefore, to the extent that they were in conflict with appellant's allegations, the assertions in the affidavit of the District Attorney did no more than create issues to be resolved at an evidentiary hearing.[11] If denials by the prosecuting officer were conclusive, few hearings would be held.

 Recitals of fact in state court records, including opinions, may be relied upon in a show cause proceeding if the accuracy of the recitals is not disputed;[12] and if a decision follows from these uncontested facts as a matter of law, no evidentiary hearing is required.[13] However, if a petitioner, or the state, contests the facts recited in the records, they "must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues." Townsend v. Sain, 372 U.S. 293, 322, 83 S.Ct. 745, 762 (1963).[14]

We do not understand appellant to challenge the factual recitals in the state court records, but even if they are assumed to be accurate, they were not sufficient to establish a waiver of appellant's constitutional right to counsel.

The Clerk's entry regarding the June 4 hearing does not negate appellant's allegation that he was not advised of his right to have counsel assigned. On the contrary, it tended to corroborate his assertion that he was told only that he might retain counsel.[15] Nothing in the Clerk's notes of June 10 supports the State's theory of waiver. And appellant's allegations regarding his interrogation at the June 10 hearing gain at least some support from the recital in the notes that at this hearing appellant and his companion exonerated another of all but minor complicity in the offense.

The recital in the notes of the June 16 arraignment that the appellant was informed of his right to counsel, waived that right and pleaded guilty, and the repetition of these recitals in the transcript of the June 28 sentencing are inconclusive. The plea of guilty, as we have suggested, may be evidence of waiver, but it is no more; for "It is internally illogical to presume a waiver of the right to have counsel from an act which can only be intelligently exercised with the aid of counsel." 31 U.Chi.L.Rev. 591, 601 (1964).[16] It is not unambiguously clear from the June 16 and June 28 notes that appellant was advised in the Superior Court that he had the right to assigned counsel. Even if the recitals in these notes are read in favor of the State's contentions, and the events described are given their maximum effect, they may have come too late if appellant's allegations with respect to the two prior hearings are borne out by the evidence.

10. See also Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962); Catalano v. United States, 298 F.2d 616 (2d Cir. 1962). Cf. United States v. McNicholas, 298 F.2d 914 (4th Cir. 1962).

11. Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510 (1962); Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 118–119, 123, 76 S.Ct. 223 (1956); Walker v. Johnston, 312 U.S. 275, 286–287, 61 S.Ct. 574 (1941). See also United States v. La Vallee, 319 F.2d 308, 312 (2d Cir. 1963).

12. Linden v. Dickson, 287 F.2d 55, 58 (9th Cir. 1961).

13. Grundler v. North Carolina, 283 F.2d 798 (4th Cir.1960); Chavez v. Dickson, 280 F.2d 727 (9th Cir.1960); Wade v. Jackson, 256 F.2d 7, 9 (2d Cir.1958).

14. See also United States v. La Vallee, 319 F.2d 308, 312 (2d Cir. 1963), and cases cited; Pike v. Dickson, 323 F.2d 856, 859 (9th Cir. 1963).

15. As late as 1954 the prosecution argued in People v. Williams, 268 P.2d 156, 158 (D.Ct. of App.1954), that the California legislature had repealed the statutory provision for the appointment of counsel, limiting the accused to the right to consult retained counsel.

16. Rice v. Olson, 324 U.S. 786, 788, 65 S.Ct. 989, 89 L.Ed. 1367 (1945). See also Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957); Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); and cases cited note 8.

Finally, none of the records refute appellant's averments that because of illiteracy, youth, and inexperience he had no understanding of his rights or of the meaning and consequences of a waiver of counsel. "Notwithstanding the petitioner's express disavowal, before his plea, of a desire for counsel," he is entitled to the opportunity to prove allegations of fact outside the state court record which might demonstrate "that the disavowal was not intelligently and understandingly made and hence was not a waiver." Moore v. Michigan, 355 U.S. 155, 162, 78 S.Ct. 191, 195 (1957).[17]

### III

■ The State also argues that the appeal must be dismissed because the district court, although granting appellant's motion for leave to proceed in forma pauperis, did not issue the certificate of probable cause required by 28 U.S.C.A. § 2253. The statute permits a circuit judge to issue the required certificate, and its issuance is hereby ordered.

Reversed and remanded for proceedings not inconsistent with this opinion.

HAMLIN, Circuit Judge (dissenting).

I respectfully dissent.

The record of the Superior Court of the State of California concerning which the majority opinion states "We do not understand appellant to challenge the factual recitals in the state court records", establishes that on June 16, 1954, in the Superior Court of the State of California in and for the County of Trinity, appellant was informed by the judge of his right to counsel at all stages of the proceedings against him, that he waived that right and expressed a desire to proceed at that time. He then entered a plea of guilty. The record also shows that on June 28, 1954, in the same court when the matter came on for further hearing that the court took testimony and fixed the degree of burglary at second degree and denied appellant's motion for probation. The judge then recited to appellant what had occurred at the prior hearing, including the fact that he was entitled to counsel and that appellant had informed the court that he "didn't want an attorney and wished to proceed without one." The court then asked appellant if he had any legal cause to show why judgment should not be pronounced against him. The appellant answered, "No, Sir."

Now, over ten years later, in the face of this unchallenged record, this case is being sent back for a hearing where the witnesses to the occurrences ten years ago may either be dead or presently unavailable.

I do not believe that any of the reported cases requires this court at this time and under the facts of this case to send it back for a hearing.

I would affirm.

---

17. Authorities are collected in Sanders v. United States, 373 U.S. 1, 19–20, 83 S. Ct. 1068, (1963), where the court said:
"However regular the proceedings at which he signed a waiver of indictment, declined assistance of counsel, and pleaded guilty might appear from the transcript, it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights. See Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510; Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191; Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223; Taylor v. United States, 193 F.2d 411 (C.A.10th Cir. 1952). Cf. Von Moltke v. Gilles, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. For the facts on which petitioner's claim in this second application is predicated are outside the record."