■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SYKES, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered April 14, 1964, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered June 30, 1954 on his plea of guilty, convicting him of robbery in the first degree, and imposing sentence of 10 to 30 years. Order reversed on the law and the facts, and application remitted to the Supreme Court, Kings County, Criminal Term: (1) for a hearing on the issue of whether defendant was represented by counsel at the time of sentence and, if not, whether defendant had waived his right to such representation; (2) for a determination *de novo* on the basis of the proof adduced upon such hearing; and (3) for further proceedings not inconsistent herewith. In his petition, defendant alleged in substance that his plea of guilty was induced by the trial court's promise to give him " a relatively light sentence " and that the promise was breached by the sentence of 10 to 30 years which was imposed. Defendant also alleged that he was not represented by counsel at the time of sentence. The motion was denied without prejudice to renewal upon the submission of an affidavit from defendant's attorney or an explanation by defendant of his inability to obtain one. We are of the opinion that, even if the facts alleged by defendant are deemed to be true, there was no breach by the trial court of its promise to impose " a relatively light sentence " if defendant pleaded guilty. However, under present decisional law that counsel must be afforded at every critical stage in a criminal proceeding where rights may be preserved or lost, regardless of whether prejudice is shown (cf. *White* v. *Maryland,* 373 U. S. 59; *Commonwealth* v. *Rundle,* 415 Pa. 520), it is our opinion that a defendant's rights are violated if, in the absence of a waiver of that right, he is not accorded the assistance of counsel at the time of sentence (*Wright* v. *Dickson,* 336 F. 2d 878, 882; cf. Code Crim. Pro., § 481). A hearing, therefore, is required on that issue. In his brief in this court, defendant also asserts that he had been subjected to an illegal arrest and search and that there had been an unnecessary delay in arraignment, during which time he had been denied the right to counsel and a confession had been extracted from him. Since those questions were not presented in the court below, we make no determination with respect thereto (*People* v. *Brown,* 18 A D 2d 1102; but see *People* v. *Nicholson,* 11 N Y 2d 1067; *People* v. *Fairfield,* 16 A D 2d 992; *People* v. *Kamisaroff,* 16 A D 2d 943; *People* v. *Brown,* 20 A D 2d 570; *People* v. *Upson,* 20 A D 2d 572; *People* v. *Carrington,* 21 A D 2d 856; *People* v. *Grubbs,* 22 A D 2d 692). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER WEEMS, JR., Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 31, 1963 after a jury trial, convicting him of three counts of robbery in the first degree and two counts of assault in the second degree with intent to commit rape, and imposing sentence. Judgment affirmed. The evidence warranted the conviction. The defendant made no motion, prior to or at the trial, to suppress the evidence which he now contends was the fruit of an unlawful search and seizure; nor did he object to the introduction of said evidence at the trial. Therefore, his contention on this appeal that the evidence was the fruit of an unlawful search and seizure comes too late to be of any avail (*People* v. *McCall,* 19 A D 2d 630; *People* v. *La Palia,* 21 A D 2d 811; *People* v. *Friola,* 11 N Y 2d 157). Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.