**Johnny JAMES, Appellant,**

v.

**Lawrence E. WILSON, Warden, Appellee.**

**No. 20612.**

United States Court of Appeals
Ninth Circuit.

July 20, 1966.

Johnny James, Tamal, Cal., in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Clifton R. Jeffers, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, KOELSCH and ELY, Circuit Judges.

PER CURIAM.

Appellant, a California state prisoner, is seeking his release by federal habeas corpus.

Appellant alleges (although somewhat inartfully) in his petition two separate grounds for relief. One is that his plea of guilty was induced by an invalid confession: (a) secured during custodial interrogation in violation of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and (b) given during a prolonged period of unlawful detention following his arrest (Cal.Pen.C. 825), when he was not permitted to contact an attorney and prior to the time he was taken before a magistrate. White v. Pepersack, 352 F.2d 470, 472 (4th Cir. 1965). See Wright v. Dickson, 336 F.2d 878, 882 (9th Cir. 1964). The second ground is that the attorney who appeared for him at the preliminary hearing and in Superior Court failed to adequately represent and advise him. We agree with the District Court that the rule of Escobedo v. State of Illinois, supra, cannot be applied retrospectively [Johnson v. State of New Jersey 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966)] and that petitioner could not be granted relief based upon impermissible interrogation;[1] but it does not appear from the order denying appellant's petition that the court considered his remaining assertions.

The judgment is vacated and the matter is remanded to the District Court for further proceedings consistent with this opinion.

---

1. The date of petitioner's conviction was December 3, 1963.