OPINION and ORDER

MYRON L. GORDON, District Judge.

Charles **EDWARDSEN,** 18512–A,
Petitioner,

v.

John C. **BURKE,** Warden, Respondent.
No. 68–C–50.

United States District Court
E. D. Wisconsin.
April 2, 1968.

On February 26, 1968, the court granted the petitioner leave to file in forma pauperis his petition for a writ of habeas corpus. On that date, the court also ordered the respondent to show cause why a writ of habeas corpus should not issue in the instant case.

Petitioner alleges that while he was on parole from the state prison, he was arrested for burglary on September 10, 1967. He further alleges that on November 24, 1967, before a trial was held on the burglary charge, a judge of the Milwaukee county circuit court revoked his parole and remanded him to the custody

of the state prison. The petitioner maintains that his constitutional rights were deprived because the judge of the circuit court had no jurisdiction to revoke his parole and remand him to state prison.

Petitioner also alleges that he had a constitutional right to be indicted by a grand jury for the burglary charge, but this court, at the same time that it issued the order to show cause, dismissed this contention as being without merit.

The petitioner maintains that authority to revoke his parole and remand him to state prison rests only with the state department of public welfare (now known as the state department of health and social services). In the order to show cause, the court referred to Wis. Stat. § 57.06(3), and stated that if the petitioner's allegations were true, it may be that his parole was improperly revoked, and thus he is being illegally held in custody.

In his return, the respondent denies that the circuit court judge revoked the petitioner's parole. The respondent alleges that the petitioner was released from prison on parole on July 10, 1967, and that in August he violated the terms of his parole by being unlawfully outside of the state; several other parole violations by Mr. Edwardsen are set forth. It is also alleged that after petitioner's arrest on the burglary charge, the state department of health and social services revoked his parole and directed his return to state prison. The respondent further alleges that the petitioner was not returned immediately to state prison because it was not until November 24, 1967, that the circuit court judge adjourned the trial and removed the requirement of bail, thus making the petitioner available for return to prison.

The trial has since been held, and the petitioner was acquitted.

As exhibit A to the response, the respondent has attached a certified copy of the parole revocation order and warrant. The latter document is dated September 20, 1967, and it asserts that petitioner violated his parole in that he "failed to keep his supervising agent advised of his activities and whereabouts during the period of August 15, 1967 to September 10, 1967."

■ The purpose of show cause proceedings, as stated by the court in Wright v. Dickson, 336 F.2d 878, 881 (9th Cir. 1964), is to disclose whether substantial issues of fact exist, which, if resolved in accordance with the petitioner's contentions, would entitle him to relief.

■ After carefully considering the petition and the response, the court concludes that there are no substantial issues of fact which, if resolved in the petitioner's favor, would entitle him to relief. Exhibit A clearly establishes the fact that the petitioner's parole was revoked by the state department of health and social services on September 20, 1967. The petitioner's allegation that his parole was illegally revoked is therefore contradicted by the record. Petitioner's parole had already been properly revoked at the time he appeared before the judge of the circuit court.

The petitioner is thus legally incarcerated in the state prison, and that incarceration stems from his August parole violation and the subsequent revocation of said parole by the state department.

It is therefore ordered that the petition for a writ of habeas corpus of Charles Edwardsen be and is hereby dismissed.