78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard BOWEN, Petitioner-Appellant,
v.
Otis THURMAN, Warden; James Gomez, Director, Department of
Corrections, Respondents-Appellees.
 No. 95-15036.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided March 1, 1996.
 
 1
 Before: WALLACE, Chief Judge, THOMPSON, Circuit Judge, and REA,* District Judge.
 
 MEMORANDUM
 
 2
 Richard Bowen appeals from the district court's denial of his petition for habeas corpus. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to deny a petition for habeas corpus. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 
 3
 * To establish a cognizable claim for ineffective assistance of counsel, Bowen must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). We must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.
 
 
 4
 "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690-91. A "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691. Even if counsel's performance fell below minimal standards, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 A.
 
 5
 First, Bowen contends that his trial counsel was ineffective for failing to present additional evidence that would have corroborated Susan's claimed memory loss. Bowen's counsel, through an in limine motion, sought to keep out of evidence Susan's prior out-of-court statements that she remembered having taken a Dalmane capsule and not an Anacin-3 capsule. Defense witness Dr. David Smith, a toxicologist, testified that the poisoning had caused Susan's memory to be impaired. The prosecution called several experts, including a neuropsychologist, who testified that Susan did not suffer from a memory disorder. The trial court compared the expert testimony from both sides and found that the medical evidence was "overwhelming" that "this cyanide poisoning did not cause an impairment to the brain that would cause Mrs. Bowen to not remember making certain statements." The trial court therefore credited the prosecution's experts, and we apply a presumption of correctness to these state court findings. See Tomlin v. Myers, 30 F.3d 1235, 1242 (9th Cir.1994).
 
 
 6
 In addition, we presume correct the trial court's finding that Susan's claimed memory loss was strategic. Id. (presumption of correctness applies to state court's findings regarding credibility). The trial court explicitly found that "obviously, Mrs. Bowen has a bias," and that she "is being evasive."
 
 
 7
 Given the abundance of medical evidence that was presented to the trial court at the time of the hearing, including testimony from Bowen's own expert, and the credibility findings, we refuse to disrupt the trial court's findings based on Bowen's claim, made a decade later, that additional tests show that Susan's memory is impaired. Bowen's counsel was not ineffective for failing to present additional medical experts and for failing to conduct additional tests. It was within the wide range of professionally competent assistance for trial counsel to rely on properly selected experts. Harris v. Vasquez, 949 F.2d 1497, 1525 (9th Cir.1990), cert. denied, 503 U.S. 910 (1992). And, even if we were to find that counsel's failure to conduct additional tests did fall below the level of a reasonably competent attorney, we cannot say that counsel's failure was prejudicial.
 
 B.
 
 8
 Bowen also contends that his trial counsel was ineffective for failing to investigate a letter sent by Howard Lynton, a parolee, that allegedly predicted Anacin-3 tamperings in various cities. Bowen contends that his trial counsel should have presented a defense theory, based on this letter, that Susan was poisoned by a third person.
 
 
 9
 So long as trial counsel's decision not to investigate fell within the range of reasonable representation, Bowen is not entitled to relief. See Morris v. California, 966 F.2d 448, 456-57 (9th Cir.1991), cert. denied, 113 S.Ct. 96 (1992). If counsel's actions appear to have been a tactical choice within the range of competence, those actions do not support a claim for ineffective assistance. Gustave v. United States, 627 F.2d 901, 904 (9th Cir.1980).
 
 
 10
 Whether Bowen's counsel failed to investigate the Lynton letter is disputed. However, even assuming that counsel decided not to investigate, the decision was well within the range of competence. First, counsel reasonably decided to pursue a theory of manufacturer negligence rather than third-party tampering. Like a theory of third-party liability, a negligence theory provided a reasonable explanation for how Susan could have been poisoned. See Iaea v. Sunn, 800 F.2d 861, 865 n. 4 (9th Cir.1986) (reasonably competent attorney cannot be expected to pursue and investigate all plausible lines of defense). Second, counsel could have reasonably decided that the letter was unreliable or that it would have been inadmissible. The letter was written by a parolee and "predicted" that tamperings would occur all over California. Counsel could have reasonably decided that the fact that Lynton was correct in a couple of cases hardly warranted investigation. Also, it is likely that the letter would have been inadmissible if Bowen's counsel decided that Lynton would have been an ineffective witness.
 
 
 11
 Therefore, failing to investigate further the Lynton letter was a reasonable tactical choice and does not amount to ineffectiveness.
 
 II
 
 12
 Bowen argues that the court's decision to allow Susan's prior statements into evidence violated his right to confront the witness and denied him a fair trial. Bowen's argument will justify habeas relief if only the trial court erred, the error was constitutional in nature, and the error "had substantial and injurious effect or influence" on the outcome. Brecht v. Abrahamson, 113 S.Ct. 1710, 1714 (1993).
 
 
 13
 Susan's statements were admitted as prior inconsistent statements. She was present at trial and was subjected to cross-examination, enabling the jury to assess the reliability of her trial testimony compared to her prior statements. Even if the evidence was inadmissible hearsay, Bowen's confrontation rights were not violated. See United States v. Gomez-Tello, 31 F.3d 1467, 1470 (9th Cir.1994) ("We are aware of no Supreme Court case, or any other case, which holds that introduction of hearsay evidence can violate the Confrontation Clause where the putative declarant is in court and the defendants are able to cross-examine him."), cert. denied, 115 S.Ct. 1969 (1995). Bowen's argument that Susan's faulty memory effectively rendered her "unavailable" at trial is without merit. United States v. Owens, 484 U.S. 554, 559 (1988) (victim who could not recall prior identification of assailant was nonetheless "available" for cross-examination because "the Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish"). Bowen has simply not shown that, despite Susan's presence on the stand, his rights were violated.
 
 III
 
 14
 Bowen submitted an affidavit from Susan's father, Mel Lyon, which stated that Lyon had a conversation with Susan at some time while she was in the hospital. During that conversation, Susan indicated that she could not remember what happened on the night she was poisoned. Lyon alleges that the prosecutor and police chief both suggested that Lyon not discuss his conversation with anyone. Bowen seems to argue that had the defense been told of, and presented evidence of, Lyon's conversation, Lyon's testimony would have cast doubt on the reliability of Susan's statements to the police.
 
 
 15
 Due process requires the prosecutor to disclose material exculpatory information to Bowen. Brady v. Maryland, 373 U.S. 83, 87 (1963). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Bowen must show "that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 115 S.Ct. 1555, 1566 (1995).
 
 
 16
 The prosecutor's alleged intention to withhold from Bowen Lyon's conversation with Susan did not violate Bowen's right to due process. First, it is not clear that the fact and contents of Lyon's conversation were actually withheld. Lyon's affidavit states that he "was called as a witness in one proceeding," and that his testimony was "complete and truthfull [sic]." The affidavit does not establish that Lyon actually withheld the details of his conversation from anyone. Even if the prosecutor intended to withhold the information, if it actually became available to Bowen, there was no misconduct. See Hendricks v. Zenon, 993 F.2d 664, 673 (9th Cir.1993) ("The prosecutor's intentions are irrelevant.").
 
 
 17
 In addition, there was no prejudice. Overwhelming medical evidence indicated that Susan did not suffer memory loss from her ingestion of cyanide. Moreover, the details of Lyon's conversation with Susan are hardly compelling. Lyon cannot remember when the conversation occurred and his affidavit contains nothing more than a statement by Susan that she "could not remember" the events prior to the poisoning. Lyon's alleged conversation with Susan belies Susan's own trial testimony, which included specific recollection of certain events prior to the poisoning. Thus, it was not reasonably probable that Lyon's testimony would have undermined the outcome.
 
 IV
 
 18
 Bowen also argues that a defense witness, Florence Lyon, perjured herself during trial to protect Susan. Florence allegedly testified falsely that Susan had told her that she (Susan) ingested Dalmane and not Anacin-3.
 
 
 19
 For newly discovered evidence to justify habeas corpus relief, the evidence must not only be relevant, but petitioner must show that "the newly discovered evidence would probably have resulted in the defendant's acquittal." Gordon v. Duran, 895 F.2d 610, 615 (9th Cir.1990). Bowen argues that Florence's testimony could have influenced the jury's verdict because it tended to show that Susan did not ingest Anacin. However, Florence's testimony was cumulative of Susan's own statements to the officers. It cannot be said that if Florence had not testified, Bowen probably would have been acquitted.
 
 V
 
 20
 We hold that the district court properly denied Bowen's petition. Bowen asserts, however, that the district court should have conducted an evidentiary hearing. A district court's refusal to conduct an evidentiary hearing is reviewed for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). "A habeas petitioner is entitled to an evidentiary hearing on a claim if 1) the petitioner's allegations, if proved, would entitle him to relief, and 2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992) (citation and internal quotation omitted).
 
 
 21
 Generally, Bowen argues that because the district court issued an order to show cause, Bowen necessarily stated allegations that would entitle him to relief, if proved. He is wrong. Only "[i]f the show cause proceeding discloses the existence of substantial issues of fact, which if resolved in accordance with the petitioner's contentions would entitle him to relief, [must] the district court hold an evidentiary hearing to determine those issues." Wright v. Dickson, 336 F.2d 878, 881 (9th Cir.1964) (footnote omitted), cert. denied, 386 U.S. 1012 (1967). The court's order to show cause, by itself, did not mandate an evidentiary hearing.
 
 
 22
 Bowen also argues that each of his claims warranted an evidentiary hearing. First, the district court did not abuse its discretion in refusing to conduct a hearing as to Bowen's claims of ineffective assistance of counsel. The state trial judge made a factual finding that Susan did not suffer memory loss and was acting strategically. There was ample medical evidence in the record to support the judge's finding. Thus, Bowen cannot meet the second part of the evidentiary-hearing test.
 
 
 23
 Next, Bowen was not entitled to an evidentiary hearing regarding the Lynton letter because, assuming the contents of the letter are true, Bowen did not show that counsel was ineffective for failing to investigate.
 
 
 24
 Also, Bowen was not entitled to a hearing to determine whether his confrontation rights were violated. The trial judge made a factual determination that Susan was not suffering from memory loss. Implicit in this determination was that Susan could be (and ultimately was) cross-examined effectively and thoroughly. The trial judge's consideration of the confrontation problem and his ultimate decision to admit the prior statements precludes Bowen from establishing the need for an evidentiary hearing on this claim.
 
 
 25
 Next, presuming that Bowen's allegations regarding Mel Lyon's conversation with Susan are true, Bowen cannot establish that he would be entitled to relief. Therefore, he is not entitled to an evidentiary hearing based on his allegation of prosecutorial misconduct.
 
 
 26
 Finally, Bowen cannot satisfy the first requirement for a hearing based on his claim that Florence Lyon perjured herself. Assuming his allegations of perjury are correct, Bowen cannot establish that the jury would have acquitted him had Florence not testified. There was no abuse of discretion.
 
 
 27
 AFFIRMED.
 
 
 28
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 Honorable William J. Rea, United States District Judge, Central District of California, sitting by designation