**Cecil Herman WARD, Appellant,**

v.

**STATE OF CALIFORNIA, Respondent.**

Misc. No. 862.

United States Court of Appeals
Ninth Circuit.

June 25, 1959.

---

2. Cf. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

J. Richard Thomas, Robert A. Farrell, Bakersfield, Cal., for appellant.

Stanley Mosk, Atty. Gen. of California, William E. James, Deputy Atty. Gen., for appellee.

POPE, Circuit Judge.

This is an application for a certificate of probable cause which is sought by the petitioner in order to permit his attempted appeal to the Court of Appeals from an order of the district court denying his petition for a writ of habeas corpus. Title 28 U.S.C.A. § 2253.

Petitioner was found guilty of murder in the first degree in a Superior Court of the State of California and is presently under sentence of death. His offense was committed a short time prior to the enactment of § 190.1 of the California Penal Code which provided a new procedure for determining the punishment to be imposed upon a person found guilty of an offence punishable by death or imprisonment for life. He asserts that the State, in trying him and fixing the death penalty for his offence, pursuant to the new statute, has enforced a law which is ex post facto as to him contrary to the provisions of Article I, § 10 of the Constitution of the United States. He also contends that in the manner in which he was tried and evidence was received or rejected he was denied due process of law contrary to the Fourteenth Amendment.

These contentions on the part of petitioner are fully considered and dealt with in the opinion of the Supreme Court of the State of California, People v. Ward, 50 Cal.2d 702, 328 P.2d 777, 778, and in the opinion of Judge Goodman contained in his order denying the writ of habeas corpus.

While it is true that § 190.1 permits the introduction of evidence "of the defendant's background and history, and of any facts in aggravation or mitigation of the penalty",—evidence which would not have been admissible at a trial under the law as it existed at the time of the history of the offence, yet it seems to me too plain to permit argument that a statute admitting evidence not previously receivable is not an ex post facto law for reasons stated in Thompson v. State of Missouri, 171 U.S. 380, 18 S.Ct. 922, 43 L.Ed. 204, and Hopt v. People of Territory of Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262.

It is to be noted here that the new type of evidence allowed was not evidence received at the trial where his guilt or in-

**908**

nocence was determined. It was received only at a stage of the proceedings where the sentence or penalty was to be determined after the verdict of guilty of the crime charged had been returned.

■ The fact just mentioned disposes of the contention that the manner in which evidence was received at this subsequent hearing and the type of evidence there elicited operated as a denial of due process of law. It seems plain that the new procedure established by § 190.1 is merely a part of the State's sentencing procedure as that term is used in Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 1083, 93 L. Ed. 1337.

The complaint here is about the receipt during this hearing of evidence of specific acts of misconduct committed by the petitioner in prior years, and evidence tending to show him to have been a juvenile delinquent and a person frequently in trouble with the law. But Williams v. People of State of New York, supra, pointed out the sharp distinction between rules governing trial of guilt or innocence on the one hand, and sentencing procedures on the other, and noted the "sound practical reasons" for the distinction. In that case the Supreme Court held that it was not a denial of due process for the sentencing judge, who had to determine whether the penalty should be death or life imprisonment, to use information contained in reports of probation officers which referred to many prior offenses on the part of the accused.

If New York could validly make such matters available to the sentencing judge it would appear to be no denial of due process for California to permit such matters to be made available to a sentencing jury.

For the reasons stated in the decision of the Supreme Court of California and in the opinion of Judge Goodman, I am unable to find any basis for a certificate of probable cause, and the application therefor and for a stay of execution is denied.