William **THOMASTON**, Appellant,

v.

Clarence T. **GLADDEN**, Warden, Oregon State Penitentiary, Appellee.

No. 17949.

United States Court of Appeals
Ninth Circuit.

Jan. 2, 1964.

Rodney H. Washburn, San Francisco, Cal., for appellant.

Robert Y. Thornton, Atty. Gen., for the State of Oregon, and C. L. Marsters, Asst. Atty. Gen., Salem, Or., for appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Thomaston appeals from the denial of his petition for a writ of habeas corpus. He is confined in the Oregon State Penitentiary following his conviction upon a plea of guilty to a charge of second degree murder and his sentence to life imprisonment.

After his conviction Thomaston initiated various proceedings in the Oregon courts. The record shows that pursuant to the Oregon statute dealing with post-conviction relief, Chapter 138 O.R.S. §§ 138.510 to 138.680, a hearing was held at which witnesses were called and testified and at which Thomaston, represented by court-appointed counsel, made substantially all of the contentions that he makes in this proceeding. The record contains an opinion by the Oregon circuit judge (not the judge before whom Thomaston was convicted and sentenced),

who heard the post-conviction proceeding. In that opinion the circuit judge finds against the factual contentions made by Thomaston. The decision was affirmed by the Oregon Supreme Court. It is conceded that Thomaston has exhausted his state remedies.

■ ■ Before the district court and in this court, Thomaston makes a number of contentions. Many have to do with alleged failure to comply with certain procedural requirements of Oregon law and with other matters that cannot possibly involve any deprivation of his right to due process under the federal constitution. Certainly not every procedural error that may occur in the course of a state criminal proceeding rises to the dignity of a federal constitutional issue. Others of his contentions are clearly not supported by the record or are plainly frivolous. Thus he assets that, at the preliminary hearing, he was compelled to testify against himself. This was the only hearing in the course of the proceedings leading to his conviction at which any testimony was taken. The record does not indicate that he was compelled to testify at all. His version of what happened, as stated in a brief filed by him in pro. per. with this court (he was also represented by assigned counsel, who filed a brief) is as follows:

"Here is what happened, after all the state's witnesses had testified, 'the Court Said', now you can take the stand and make a statement, I said the only statement that I have to make is not guilty. Then the Court said you cannot make a plea here in this court, you can only make a statement and sign it. And again I told the Court, my statement is not guilty. Then the Court got made, and said, I am going to tell you for the last time you cannot make a plea here in this court. You can only make a statement here and sign it. And then I told the Court the only statement that I would make without the advice of counsel, was not guilty. Then the court bound me over to wait Grand Jury's action."

The only contentions which seem to us to involve even a possible deprivation of due process of law are: (1) a claim that he did not have counsel at the preliminary hearing at which he was bound over to the Grand Jury, (2) a claim that his plea of guilty was coerced, and (3) a claim that he did not have the effective assistance of counsel.

The record shows that, while he was represented by counsel on at least one occasion when he appeared before the magistrate, he was not so represented when the preliminary hearing was held. (He appeared before the magistrate on July 22, July 29, August 6, and August 28, 1958, the actual hearing being on the 28th.) The record does not show whether he was told that he had a right to counsel, whether he asked the court to appoint counsel, or whether such request, if made, was refused. He may have deliberately chosen not to have counsel.[1] The record does not say.

For reasons hereafter stated, we do not now decide whether Thomaston had a constitutional right to have counsel appointed for him at the preliminary hearing as a matter of due process (See Powell v. Alabama, 1932, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158; Hamilton v. Alabama, 1961, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114; Gideon v. Wainwright, 1963, 372 U.S. 335, 345, 83 S.Ct. 792, 9 L.Ed.2d 799; White v. Maryland, 1963, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. 2d 193), or of equal protection (See

1. The record does show that, at a later stage in the proceeding, Thomaston retained counsel and paid him $1650.00. We presume that a voluntary waiver of the assistance of counsel, by one acquainted with his rights and able to retain counsel, would be just as valid at a preliminary hearing as at a trial, and that one able to retain counsel has no more right to have counsel appointed for his defense at a preliminary hearing than at a trial. The opinion of the Oregon circuit judge does not pass on these questions, either factually or legally. We do not know to what extent, if any, they were explored at the post-conviction hearing.

Griffin v. Illinois, 1956, 351 U.S. 12, 76 S. Ct. 585, 100 L.Ed. 891; Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; see also Draper v. Washington, 1963, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899). Nor do we now decide whether, if his plea of guilty was voluntary, he is now in a position to claim that he should have had counsel at the preliminary hearing. (As to the effect of a voluntary plea of guilty, see Watts v. United States, 1960, 107 U.S.App.D.C. 367, 278 F.2d 247; Long v. United States, 9 Cir., 1961, 290 F.2d 606; Thomas v. United States, 9 Cir., 1961, 290 F.2d 696, 697; United States v. Miller, 2 Cir., 1961, 293 F.2d 697; Adkins v. United States, 8 Cir., 1962, 298 F.2d 842; United States v. Koptik, 7 Cir., 1962, 300 F.2d 19; Phillips v. United States, 5 Cir., 1963, 318 F.2d 17; United States ex rel. Vaughn v. LaVallee, 2 Cir., 1963, 318 F.2d 499. Compare holdings in White v. Maryland, 1963, 373 U.S. 59, 60n., 83 S.Ct. 1050, 10 L.Ed.2d 193; Hamilton v. Alabama, 1961, 368 U.S. 52, 55, 82 S.Ct. 157, 7 L.Ed.2d 114, that specific prejudice need not appear where the constitutional right to counsel has been denied.)

▆▆ We refrain from deciding these questions because there are also the contentions that his plea of guilty was coerced and that he did not have effective assistance of counsel.[2] If the plea was coerced, the conviction cannot stand.

(Commonwealth of Pa. ex rel. Herman v. Claudy, 1956, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126.) It is conceivable, but not likely, that his representation by his own retained counsel may have been so ineffective as to amount to a denial of due process. It is true that these claims were considered and found to be without merit at Thomaston's Oregon post-conviction hearing, and that the district judge relied upon the findings made at that hearing in denying Thomaston's petition for federal habeas corpus. But the district judge did not have before him a transcript of that hearing, and did not himself hold an evidentiary hearing. This is not surprising, Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, not then having been handed down by the Supreme Court, and Pike v. Dickson, 9 Cir., 1963, 323 F.2d 856, not then having been decided by this court.

Those decisions require that we remand. If a transcript of the post-conviction hearing, stating the evidence upon which the findings of Oregon Circuit Judge Schwab are based, is available,[3] the district judge should examine it, to determine whether the hearing met the standards laid down in Townsend v. Sain, supra, and whether the evidence supports the findings of the circuit judge. If not, the district court can hold a hearing on the matter. If, in the Oregon court, Thomaston received a full and fair evidentiary hearing, one in which the mate-

---

2. The claim that the plea of guilty was coerced is based upon the assertion that Thomaston was held in jail for some seven months under unpleasant conditions, and while under indictment for first degree murder, which carries the death penalty, the district attorney and his own counsel put pressure on him to plead guilty to the lesser offense of second degree murder. He asserts that the combination of the pending indictment, the adverse conditions under which he was held, and the pressure to which he was subjected, made his plea invalid. His contention as to inadequate representation by counsel is that his counsel did not properly investigate his case, did not properly advise him as to his rights, and put pressure on him to plead guilty to the lesser offense.

3. There is in the record a letter from Thomaston to the Clerk of Klamath County in which he inquired about the transcript, to which the clerk replied: "In regard to the shorthand notes, we are unable to send them to you for the Court Reporter is now a resident of Medford, Oregon, and no one here is able to read her notes." Townsend v. Sain, 1963, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L. Ed.2d 770, says: "A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record." We assume that the State of Oregon will cooperate in this regard.

rial facts were adequately developed, and if the state court's factual determination is fairly supported by the record, the district court need not itself hold an evidentiary hearing, although it may do so in its discretion. It is then for the district judge to apply federal constitutional standards. If the district judge concludes that the petition should be denied, Thomaston will then have the right, upon appeal, to raise such questions as have been presented here but not now decided, and such other questions, if any, as the record may then make available to him. If the district judge grants Thomaston's petition, the present appellee will have the same rights on appeal.

The order appealed from is vacated, and the matter is remanded for further proceedings consistent with this opinion.