· 192 So.2d 734

**John M. EARLY**

v.

**STATE of Alabama.**

**I Div. 412.**

Supreme Court of Alabama.

Dec. 8, 1966.

John W. Coleman, Mobile, for petitioner.

Richmond M. Flowers, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

Defendant was convicted for unlawful possession of amphetamine sulfate. He appealed to the Court of Appeals where the judgment of conviction was affirmed. He now applies for certiorari to review the decision of the Court of Appeals.

The first ground on which defendant seeks certiorari is that the Court of Appeals erred in failing to reverse for the trial court's refusal to give to the jury defendant's requested Charge No. 11. Defendant complains that the Court of Appeals did not decide whether the trial court erred in refusing Charge No. 11. The Court of Appeals did not discuss this ruling in its opinion.

■ As a general rule, we do not review the decision of the Court of Appeals on questions which are not treated in the opinion of the Court of Appeals. City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619; Messer v. State, 221 Ala. 379, 129 So. 97; Waldrop v. State, 223 Ala. 413, 136 So. 736; Slaughter v. State, 232 Ala. 143, 167 So. 334.

■ This rule is subject to the exception that, where the question as to the correctness of a judgment of the Court of Appeals is primarily a federal question, the correctness must be determined from the whole record before us on petition for certiorari, irrespective of the fact that the Court of Appeals did not write an opinion. State v. Parrish, 242 Ala. 7, 5 So.2d 828; Clemons v. City of Birmingham, 277 Ala. 447, 448, 171 So.2d 456.

■ We do not think any constitutional right is involved in the court's refusal to give defendant's requested Charge No. 11. Because the Court of Appeals did not decide whether the trial court erred in refusing Charge No. 11, that question is not presented to this court for consideration.

Certain tablets were found in defendant's automobile. There was testimony that the tablets contained amphetamine sulfate. They are also referred to as "pep pills." These tablets were admitted into evidence over defendant's objection that they were obtained by an illegal search of his automobile. Defendant says that the Court of Appeals erred in failing to reverse the trial court for admitting the tablets into evidence.

We have examined the evidence given by the arresting officers with respect to finding the tablets and removing them from defendant's automobile. The testimony shows that the officers had defendant's automobile under surveillance and had an informer with them in the police car at the time defendant was arrested. One officer testified that, at the time of arrest, he had information that defendant "was going after" * * *. "pills"; that, when arrested, defendant was asked to get out of his car and did get out; that one Coy. Rathel, a passenger in defendant's car, "kept trying to push something under the front seat"; and then the other officer "reached in there and pulled the bag up." The bag was a paper bag. It contained four plastic containers. The tablets were in the containers.

■ Defendant argues that the proper course for the officers to have followed would have been to take defendant and his companion to jail and then to procure a warrant from a magistrate to search the automobile. Defendant argues that the seizure of the bag was not necessary to prevent escape or loss of evidence, but we do not agree. In the light of the information, which the officers had, that defendant had gone after "pills" and the action of defendant's companion in trying to shove the bag under the seat, we do not think that the officers' seizure of the bag constituted an illegal search which violated defendant's constitutional rights. We are of opinion that, on a reasonable view of all the circumstances, seizure of the bag was justified as necessary to prevent the loss of evidence.

We are of opinion that error on the part of the Court of Appeals has not been shown and that certiorari should be denied.

Writ denied.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.