**William THOMASTON, Appellant,**

v.

**Clarence T. GLADDEN, Warden, Oregon State Penitentiary, Appellee.**

No. 20209.

United States Court of Appeals
Ninth Circuit.

Dec. 2, 1966.

Rehearing Denied Jan. 18, 1967.

**694**

William Thomaston, in pro. per.

Robert Y. Thornton, Atty. Gen., of Oregon, Wayne Thompson and David Blunt, Asst. Attys. Gen., Salem, Or., for appellee.

Before MERRILL, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

The district court examined the transcript of the state post-conviction hearing pursuant to the remand order in Thomaston v. Gladden, 326 F.2d 305 (9th Cir. 1964), and concluded that the state court hearing met the tests of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and that the state court findings were fairly supported by the record. Applying federal constitutional standards, the district court determined the three issues left undecided by this court. 326 F.2d at 306. We have concluded from our own examination of the record in the light of the applicable authorities that these conclusions and determinations of the district court, outlined in its memorandum decision of October 19, 1964, were correct.

On the remand appellant also raised a new issue, claiming that his guilty plea was induced by his knowledge that the state had possession of the murder weapon, which had been illegally seized, and of appellant's signed confession, which had been illegally obtained. The district court stayed further proceedings to permit appellant to submit this issue to the state court. Appellant moved to reopen the state court post-conviction proceeding, but before a hearing on his motion could be had, appellant moved to withdraw it. He relied upon this court's statement that "It is conceded that Thomaston has exhausted his state remedies" (326 F.2d at 306). He also contended that he had tendered new evidence, rather than a new issue, and that in these circumstances Townsend v. Sain required that the federal district court itself hold an evidentiary hearing. 372 U.S. at 313, 83 S.Ct. 745.

Our remark was, of course, directed only to the issues then before us.

■■ Since appellant's new contention was not the substantial equivalent of any which he had theretofore presented to the state court, but presented a materially different problem, appellant was

required to submit it to the state court if the state court would hear it. Schiers v. California, 333 F.2d 173, 174–175 (9th Cir. 1964); Rose v. Dickson, 327 F.2d 27, 29 (9th Cir. 1964). The procedure which the district court followed to enable appellant to determine whether a state court remedy was available was the proper one. United States v. Fogliani, 343 F.2d 43, 48 (9th Cir. 1965); Blair v. People of State of California, 340 F.2d 741, 745 (9th Cir. 1965). The state court expressly stated that it would have granted appellant's motion to reopen had he not withdrawn it. Accordingly, the district court in its memorandum filed May 14, 1965, properly concluded that appellant has failed to exhaust available state remedies as to the new issue.

Affirmed.