Jack **RAINSBERGER**, Appellant,

v.

Jack **FOGLIANI**, Warden, Appellee.

No. 21449.

United States Court of Appeals
Ninth Circuit.

June 29, 1967.

Rehearing Denied Aug. 4, 1967.

Samuel S. Lionel, Las Vegas, Nev., for appellant.

Harvey Dickerson, Atty. Gen., C. B. Tapscott, Asst. Atty. Gen., Carson City, Nev., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Appellant is in custody of the warden of the Nevada State Penitentiary following conviction of first-degree murder. He seeks relief in habeas corpus. The writ was denied by the District Court without evidentiary hearing, and this appeal was taken.

Appellant, on June 9, 1959, pleaded guilty to a charge of murder. Nev.Rev. Stat. § 200.030 (1957) at the time provided that if one is "convicted on confession in open court, the court shall proceed, by examination of witnesses, to determine the degree of the crime and give sentence accordingly."

After a two-day hearing before the state trial judge, Rainsberger was adjudged guilty of murder in the first degree and sentenced to death. He appealed his conviction to the Nevada Supreme Court and secured a reversal for failure of the trial judge to permit a witness for him to testify. Rainsberger v. State, 76 Nev. 158, 350 P.2d 995 (1960).

In 1960, § 200.030 in pertinent part was amended to read:

"3. Upon a plea of guilty which specifies a degree lower than murder in the first degree, the district judge before whom such plea was made shall give sentence accordingly. If any person is convicted of murder on his confession in open court without a jury, or upon a plea of guilty without specification of a degree, the supreme court shall appoint two district judges from judicial districts other than the district in which the confession or plea is made, who shall, with the district judge before whom such confession or plea was made, or his successor in office, by examination of witnesses, determine the degree of the crime and give sentence accordingly. Such deter-

mination shall be by unanimous vote of the three district judges."

Accordingly, appellant's case was remanded for a new hearing before a court of three judges. Through habeas corpus appellant protested against the three-judge hearing in vain, the writ being denied as premature by state courts,[1] the Federal District Court, and, on appeal, this court.[2] Following a hearing, the three-judge court unanimously adjudged appellant guilty of murder in the first degree and sentenced him to death. Judgment was affirmed upon appeal. Rainsberger v. State, 81 Nev. 92, 399 P.2d 129 (1965). The present proceedings were then initiated.

Appellant contends that the amendment of § 200.030, when applied to him, constituted an ex post facto law in violation of the Constitution, Article I, § 10.

In Thompson v. State of Utah, 170 U.S. 343, 352, 18 S.Ct. 620, 623, 42 L.Ed. 1061 (1898), the Supreme Court stated:

"This court, in Duncan v. State of Missouri, 152 U.S. 377, 382, 14 S.Ct. 570, 38 L.Ed. 485, said that statutes regulating procedure, if they leave untouched all substantial protections with which existing law surrounds the person accused of crime, are not within the constitutional inhibition of *ex post facto* laws. But it was held in Hopt v. People of Territory of Utah, above cited, [110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262] that a statute that takes from the accused a substantial right given to him by the law in force at the time to which his guilt relates would be *ex post facto* in its nature and operation, and that legislation of that kind cannot be sustained simply because, in a general sense, it may be said to regulate procedure."

In our judgment the procedural change here involved did not take from appellant any substantial right theretofore enjoyed by him.

1. Rainsberger v. Leypoldt, 77 Nev. 399, 365 P.2d 489, appeal dismissed, 368 U.S. 516, 82 S.Ct. 530, 7 L.Ed.2d 522 (1962), rehearing denied, 369 U.S. 832, 82 S.Ct. 849, 7 L.Ed.2d 797 (1962).

2. Rainsberger v. Lamb, 313 F.2d 195 (9th Cir. 1963), cert. denied, 374 U.S. 847, 83 S.Ct. 1907, 10 L.Ed.2d 1067 (1963).

■ Appellant asserts that the 1960 amendment does not require unanimity of the three-judge court in imposing sentence. Unanimity, he states, is, by subsection 3 quoted above, required only as to the determination of the degree of the crime. Subsection 4, however, which specifically deals with fixing of penalty, eliminates any ambiguity. In part it states:

"Upon a plea of guilty the court, as provided in subsection 3, shall determine the same."

Unanimity is clearly required.

Appellant contends that he stood a better chance of avoiding the death penalty before a single judge than before a panel of three.

■ We cannot agree. A multi-judge court offers an opportunity for disagreement wholly lacking with a single judge. With such an issue as the death penalty involved, the possibility and availability of disagreement are advantages which cannot be disregarded. The fact that a single judge may be reluctant to assume the awesome solitary responsibility of choice between life and death cannot weigh in the balance. Judges are presumed to have the fortitude to carry out their responsibilities. The single judge in appellant's own case acted in just such a fashion.

■ We conclude that the amendment in question did not constitute an ex post facto law.[3]

Appellant contends that an involuntary confession was received in evidence over his objection in the three-judge state hearing. The issue of voluntariness was presented to that court and was argued on appeal. The Federal District Court had the state record before it and, after a study, concurred in the findings and in the views of the Nevada Supreme Court. We find no clear error.

Appellant contends that the state court made no findings on the issue of voluntariness; that findings cannot be reconstructed; that under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the District Court was under duty either to hold a hearing or to make its own plenary findings upon the state record and that it did not do so. Further in this respect appellant contends that the state court, by questions addressed to witnesses, demonstrated that it entertained erroneous views as to the proper standards of voluntariness; that without specific findings one cannot know whether its determination of voluntariness took into consideration all relevant factors, including lack of warnings and lack of counsel.

■ We cannot agree. Appellant seems to confuse issues of evidentiary fact with the ultimate conclusion from those facts that the confession was voluntary. There is virtually no dispute as to the evidentiary facts, which were developed fully in the various state proceedings; the District Court was thus justified in concluding that there was no issue for resolution for which an evidentiary hearing would prove useful. The dispute is as to the conclusion to be reached from the evidence, and on this question the District Court examined the state transcript in detail. The fact that it agreed with the result reached by the state courts does not show any avoidance of the duties placed upon district judges by Townsend v. Sain. In our judgment this conclusion of the District Court is supported by the record. See Thomaston v. Gladden, 326 F.2d 305 (9th Cir. 1964), 369 F.2d 693 (9th Cir. 1966).

■ Appellant contends that his lack of counsel at preliminary hearing entitled him to the writ. Since he pleaded guilty, any right he may have had in this respect is only relevant as to the voluntari-

3. Ward v. State of California, 269 F.2d 906 (9th Cir. 1959) ; Payne v. Nash, 327 F.2d 197 (8th Cir. 1964) ; People v. Johnson, 23 Ill.2d 465, 178 N.E.2d 878 (1962), cert. denied, 371 U.S. 881, 83 S.Ct. 153, 9 L.Ed.2d 117 (1962) ; People ex rel. Lon- schein v. Warden, 43 Misc.2d 109, 250 N.Y.S.2d 15 (1964), motion denied, 14 N.Y.2d 977, 254 N.Y.S.2d 106, 202 N.E.2d 554 (1964), affirmed, 15 N.Y.2d 663, 255 N.Y.S.2d 876, 204 N.E.2d 206 (1964).

ness of the plea. See Doran v. Wilson, 369 F.2d 505 (9th Cir. 1966). The ruling of the state court that the plea, made upon consultation with able counsel, was voluntary is clearly correct and not contested by appellant. Furthermore, his confession preceded the preliminary hearing, and no mention of it was made at that hearing, making it difficult to understand how counsel might have been crucial. See Wilson v. Harris, 351 F.2d 840 (9th Cir. 1965).

Judgment affirmed.