215 So.2d 464

**John H. DILLARD**

v.

**STATE of Alabama.**

**6 Div. 402.**

Supreme Court of Alabama.

Sept. 12, 1968.

John H. Dillard, pro se.

MacDonald Gallion, Atty. Gen., and John C. Tyson, Asst. Atty. Gen., opposed.

LAWSON, Justice.

This is a petition for writ of certiorari by John H. Dillard to reverse the judgment of the Court of Appeals affirming without opinion judgments of the Circuit Court of Jefferson County rendered on December 2, 1965, dismissing, on motion of the State, Dillard's "Renewed Petition For Writ of Error Coram Nobis."

As a general rule, we do not review the Court of Appeals where that court does not render an opinion.–Clemons v. City of Birmingham, 277 Ala. 447, 171 So.2d 456, and cases cited.

This rule is subject to the exception that where the question as to the correctness of a judgment of the Court of Appeals is

primarily a federal question, the correctness must be determined from the whole record before us on petition for certiorari, irrespective of the fact that the Court of Appeals did not write an opinion.–State v. Parrish, 242 Ala. 7, 5 So.2d 828; Clemons v. City of Birmingham, supra; Early v. State, 280 Ala. 281, 192 So.2d 734.

Upon preliminary consideration, we concluded that there was a probability of merit in the petition and we ordered the issuance of a writ of certiorari to the Court of Appeals and the writ was duly issued. Due notice of the issuance of the writ was given to petitioner and to the State of Alabama. Oral argument was not requested and the cause was submitted on briefs previously filed.–Supreme Court Rule 39.

The State's motion to dismiss the so-called renewed petition for writ of error coram nobis reads:

"Comes now the State of Alabama by and through Earl C. Morgan, Circuit Solicitor, Tenth Judicial Circuit of Alabama, and respectfully moves this Honorable Court to dismiss the petition for Writ of Error Coram Nobis heretofore filed in this cause and as grounds for said motion sets down and assigns the following grounds separately and severally:

"1. For that the allegations of the said Petitioner are but mere conclusions of the Petitioner.

"2. For that the allegations of the said Petitioner are not sufficient as a matter of law to entitle the Petitioner the right to file a Writ of Error Coram Nobis.

"3. For that the allegations of said petition fail to set forth particular facts which make an adequate showing of the substantiality of Petitioner's Claim to enable this Honorable Court to ascertain whether facts alleged would afford prima facie just grounds for relief.

"4. For that the matters and things alleged in the said petition were known to the Petitioner at the time of his trial. "5. For that said petition fails to allege facts which show a failure of the trial court to give this Petitioner a fair trial.

"6. For that the matters and things alleged in said petition are vague and indefinite and are not sufficient as a matter of law to authorize the Court to grant the Petitioner an oral hearing."

In our opinion none of the grounds of the motion to dismiss was well taken.

Dillard's petition shows that he had been previously indicted, convicted and sentenced in "this, his original court," in two cases. In Circuit Court Case #85386, he was convicted of robbery and in Case #85387 he was convicted of the offense of assault with intent to rob. At the time those cases came on for trial in 1948 he was indigent and unable to employ counsel.

In the robbery case, # 85386, a capital case, counsel was appointed to represent him, but such counsel was not present at time of arraignment when Dillard pleaded not guilty, nor was any other attorney representing him present at arraignment. If these averments are correct, then Dillard would be entitled to relief under the holding of the Supreme Court of the United States in Hamilton v. Alabama (1961), 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, which has been held to apply retroactively. Williams v. State of Alabama, 5 Cir., 341 F.2d 777.

In regard to Circuit Court Case # 85387, the assault with intent to rob case, Dillard's petition avers:

"* * * Nor was petitioner represented by counsel on his arraignment under the indictment in case no. 85387, at which time he was required to, and did,

plead to the merits of the indictment. In truth and in fact, your petitioner was not represented by counsel in this case which was for the offense of Assault With Intent To Rob, at any time. The court did not appoint counsel for him in this case, nor did the court offer to appoint counsel for him. Your petitioner was in need of counsel at each and every step of the state's action against him in the two above numbered cases. * * *

"Petitioner's original pleas to both these charges contained in the indictments were, 'Not guilty.' And although he ultimately changed his plea of not guilty to that of guilty, under the latter numbered charge, his plea of guilty was neither competent nor intelligent. The guilty plea was not made until he was brought into court and placed upon trial. It was not interposed until after the trial jury had been selected and the prosecutor had begun to state or present the State's case. It was then that the prosecutor stated to the court that the trial could not go on because there was no court reporter present to record the proceedings. Your petitioner was confounded and confused, and he did not know what to do or to say. He is not learned in law; he did not know what his rights were, nor was he told what they were. The prosecutor told the court that the trial should be continued to a later date to allow for providing a court reporter to cover the trial, but neither did the court nor anyone else tell the petitioner that he had the right, at that stage of the proceedings, to object to a continuance of the trial; to interpose a motion for a mistrial; to ask for a directed verdict of acquittal; dismissal of the indictment, or any other timely objection or motion.

"Your petitioner did not knowingly or willingly waive his right to counsel in these cases, nor was it ever his intent to acquiesce in the waiving of the loss of any of his constitutional or statutory rights. He was sentenced to terms of twenty (20) years and five (5) years respectively under these case numbers as given above."

Under Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, Dillard was entitled to counsel in Case # 85387, although it was a non-capital case. Gideon has been held to apply retroactively.–Williams v. State of Alabama, supra; Barnes v. State, 42 Ala. App. 504, 169 So.2d 313, cert. denied, 277 Ala. 695, 169 So.2d 313.

In Tucker v. State, 42 Ala.App. 174, 157 So.2d 229, the Court of Appeals, citing Hamilton and Gideon, supra, held: "On arraignment it affirmatively appears that the defendant was without counsel. No waiver appears. * * * We consider the judgment below is required to be reversed and the cause remanded for a new trial." In that non-capital case we denied certiorari.–275 Ala. 700, 157 So.2d 229.

The petition filed by Dillard does not show any waiver of right to counsel. In fact, it negatives a waiver in both cases.

There may have been another reason why Dillard was not entitled to relief in this, a post-conviction proceeding filed at the time the instant petition was filed, but that is another question.

■ We cannot review in this proceeding the judgment of the trial court rendered in another post-conviction proceeding previously filed by Dillard which was appealed to this court and was dismissed without opinion on March 18, 1965, on motion which reads:

"TO THE SUPREME COURT OF ALABAMA:

"Comes now John H. Dillard, the Appellant, by and through his Attorneys of Record, and the State of Alabama, Appellee, by and through the Attorney General of the State of Alabama and the Circuit Solicitor of the Tenth Judicial Circuit of Alabama, its Attorneys of Record, and jointly stipulate that this cause be dis-

missed out of this Court and be remanded to the Circuit Court of Jefferson County, Alabama, for the purpose of dismissing *without prejudice* this proceeding, and to that end the parties do hereby move this Honorable Court to dismiss this appeal and to remand the cause to the Circuit Court of Jefferson County, Alabama. (Emphasis supplied)

> ROGERS, HOWARD, REDDEN & MILLS
>
> By William H. Mills
> Attorneys for Appellant
>
> Richmond M. Flowers
> RICHMOND M. FLOWERS, ATTORNEY GENERAL
>
> John C. Tyson, III
> JOHN C. TYSON, III, ASSISTANT ATTORNEY GENERAL
>
> Earl Morgan
> EARL MORGAN, CIRCUIT SOLICITOR FOR THE TENTH JUDICIAL CIRCUIT OF ALABAMA
>
> Robert W. Gwin
> ROBERT W. GWIN, DEPUTY CIRCUIT SOLICITOR FOR THE TENTH JUDICIAL CIRCUIT OF ALABAMA
>
> Attorneys for Appellee"

 We are convinced that none of the grounds of the State's motion to dismiss Dillard's petition was well taken; that the trial court erred in granting the State's motion to dismiss and in dismissing the petition; and that the Court of Appeals erred in affirming the judgments of the trial court.

Although there was only one petition and one motion to dismiss, the trial judge rendered two judgments, one relating to Circuit Court Case # 85386 and the other relating to Circuit Court Case # 85387.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded.

All the Justices concur except COLEMAN, J., not sitting.