219 So.2d 649

Cranston CARR

v.

STATE.

6 Div. 669.

Supreme Court of Alabama.

Feb. 20, 1969.

Fred Blanton and Beddow, Embry & Beddow, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., opposed.

LIVINGSTON, Chief Justice.

Petition of Cranston Carr for certiorari to the Court of Appeals to review and revise the judgment and decision in Carr v. State, 44 Ala.App. 661, 219 So.2d 646.

Writ denied.

SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.

220 So.2d 868

Leroy CRUMLEY

v.

STATE of Alabama.

4 Div. 349.

Supreme Court of Alabama.

March 13, 1969.

Rehearing Denied April 10, 1969.

Smith & Smith and Farmer & Farmer, Dothan, and J. Fletcher Jones, Andalusia, for petitioner.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., opposed.

MERRILL, Justice.

Petition of Leroy Crumley for certiorari to the Court of Appeals to review and revise the judgment and decision whereby petitioner's sentence to seven years for burglary in the second degree was affirmed. Writ denied.

In denying this writ, we do not agree that the holdings in Mason v. State, 42 Ala. 532, and Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847, are in conflict, or that the first cited case applies only in burglary cases and the second cited case applies only in robbery cases.

The first cited case is a recognized authority in this and other jurisdictions in circumstantial evidence cases. There was no question of circumstantial evidence in the second cited case. In the first, the additional burglaries were so connected or intermixed that it was proper, if not necessary, to hear the evidence relating to all of them, while in the second cited case, the other robberies were separate and independent transactions. In the first case, the defendant's identity in relation to the burglary for which he was on trial was more or less obscured, while in the robbery case, there was no question as to the defendant's identity.

We think the second cited case is not apt authority in the instant case, and that the first cited case was properly cited and followed by the Court of Appeals.

Writ denied.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.