Cranston CARR, alias Crant Carr, Appellant,

v.

C. M. SIMPSON, Warden, Kilby Prison, Montgomery, Alabama, Appellee.

No. 25822.

United States Court of Appeals
Fifth Circuit.

June 5, 1969.

Fred Blanton, Jr., Birmingham, Ala., for appellant.

Richard F. Calhoun, Asst. Atty. Gen., MacDonald Gallion, Atty. Gen. of Alabama, Marlin Mooneyham, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and McENTEE,* Circuit Judges.

PER CURIAM:

█ When a state prisoner has not exhausted his state court remedies, a federal district court should not *grant* him a writ of habeas corpus. 28 U.S.C. 2254. It may, however, hold the application in abeyance, while affording the applicant a reasonable opportunity to exhaust his state court remedies.[1] That course is sometimes preferable to a dismissal of the application.[2] In the case *sub judice*, the district court dismissed the application on the sole ground that

Carr had not exhausted his state court remedies.[3]

While appealing from the district court's judgment of dismissal, Carr at the same time sought coram nobis review in the Alabama state courts. This Court held Carr's appeal in abeyance pending final decision of the Alabama courts. The state trial court heard Carr's federal constitutional question on its merits and denied relief. The Alabama Court of Appeals affirmed the denial of coram nobis, apparently also deciding the federal constitutional question on its merits, though a concurring opinion expressed doubt as to whether the "narrow window" and "restricted area" of coram nobis really permits a decision on the merits. Carr v. State, 1968, 219 So.2d 646. The Alabama Supreme Court denied certiorari without comment. Carr v. State, 1969, 219 So.2d 649. In this situation, all parties agree that if *Carr* had not at first exhausted his state remedies, he has now done so.

█ The appellee urges dismissal of Carr's appeal, which we deny because Sharpe v. Buchanan, Warden, 1942, 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238, dictates a different course. Whatever obstacles there may have been to a consideration of the merits of Carr's application having now been removed, the judgment of the district court is vacated, without costs, and the case remanded for such further proceedings as may seem appropriate.

Vacated and remanded.

* Of the First Circuit, sitting by designation.

1. Blair v. California, 9th Cir. 1965, 340 F.2d 741, 745; Thomas v. Teets, 9th Cir., 1953, 205 F.2d 236, 240.

2. Thomaston v. Gladden, 9th Cir. 1966, 369 F.2d 693, 695.

3. Carr claims that his appeal (Carr v. State, 1967, 43 Ala.App. 642, 198 So.2d 791, cert. denied, 281 Ala. 716, 198 So.2d 798) when considered in the light of a state statute requiring the appellate court to "consider all questions apparent on the record" Title 15, Section 389, Code of Ala. 1940 (see Wesson v. Alabama,

1939, 238 Ala. 399, 191 So. 249, 250; Early v. State, 1966, 280 Ala. 281, 192 So.2d 734, 735) was a sufficient exhaustion of state court remedies (see Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Whippler v. Balkcom, 5th Cir. 1965, 342 F.2d 388, 390; Wood v. Crouse, 10th Cir. 1968, 389 F.2d 747). Carr further insists that the Alabama post-conviction remedy of writ of error coram nobis is too narrow to afford him relief. (See Wiman v. Argo, 5th Cir. 1962, 308 F.2d 674; Comment, The Writ of Error Coram Nobis in Alabama, 2 Ala.L.Rev. 281–295 (1950)).