61 F.3d 907
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerome WEATHERS, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Respondent-Appellee.
 No. 94-3176.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 26, 1995.
 
 Before CUMMINGS, COFFEY, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Jerome Weathers appeals from the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 for failure to exhaust his state court remedies. He asks this court to disregard this failure and to grant him relief. On appeal, he claims that his guilty plea violated the Double Jeopardy Clause, due to the use of a plea agreement with the same terms as one used in a prior vacated plea proceeding. He also claims on appeal that his guilty plea violated his right to due process under Boykin v. Alabama, 395 U.S. 238, 243 (1969), because the state court failed to inform him of the constitutional rights he would be waiving by pleading guilty. During the pendency of this appeal, Weathers has appealed the denial of a post-conviction motion that included these claims to the Indiana Supreme Court. Although he may or may not have failed to fairly present some of his claims to Indiana's higher courts, any further attempt to seek post-conviction relief in the state courts for such claims would be futile. Wallace v. Duckworth, 778 F.2d 1215, 1219, 1225 (7th Cir.1985). Thus, the exhaustion requirement would no longer pose an impediment to the review of his petition. Since the record before this court is not sufficient to address potential procedural default issues, we vacate the district court's order and remand for further proceedings.
 
 
 2
 Weathers was charged with a variety of crimes in three indictments. On May 31, 1983, pursuant to a single plea agreement, Weathers pleaded guilty to three charges: robbery, delivery of a controlled substance and burglary. He received concurrent sentences of thirty years for robbery, ten years for delivery of a controlled substance, and five years for burglary. He later sought post-conviction relief; his first post-conviction motion itself is not in the record before us. On December 10, 1985, a state trial court granted Weathers' first motion for post-conviction relief on the grounds that the sentencing court had misinformed Weathers as to the minimum sentence for the offense of delivering a controlled substance and that it had failed to inform him of "a possible increased sentence by reason of the fact of a prior conviction or convictions...." (R. 3 at Ex. 8); see Ind.Code Sec. 35-35-1-2(3). The court set aside his three guilty pleas and ordered the Superintendent of the Indiana State Prison to deliver Weathers over to the custody of the Sheriff of LaPorte County. On June 23, 1986, Weathers pleaded guilty again and was sentenced to concurrent terms of thirty years for robbery, ten years for delivery of a controlled substance, and five years for burglary. The court also credited him with 1,355 days as time served as to each sentence.
 
 
 3
 On August 12, 1992, Weathers filed another motion for post-conviction relief challenging his second entry of guilty pleas on the grounds that the sentencing court failed to advise him of the rights that he would be waiving, that the court failed to inform him of the maximum and minimum sentences and the possibility of consecutive sentences, and that the state had failed to provide a new written plea agreement. At a hearing on October 23, 1992, the post-conviction court heard oral arguments concerning the sentencing court's alleged failure to inform Weathers of the implications of his plea. The court also permitted Weathers to amend his motion and join a Double Jeopardy claim therein. After allowing the amendment, the court denied the motion for post-conviction relief. The court did not address each claim individually; it generally held that there was no evidence to support the motion and stated that based on Weathers' presentation, it could not grant the motion. The court also concurred with the State's observation that Indiana law concerning the effect of a failure to inform a defendant of potential sentencing implications had changed since Weathers' first petition. See White v. Indiana, 497 N.E.2d 893, 906 (Ind.1986) (holding that technical failure to inform defendant of minimum sentence in violation of Ind.Code Sec. 35-35-1-2(a) was not reversible error).
 
 
 4
 After receiving judgment against him in this post-conviction action, Weathers then filed another motion for relief, which the record before us does not contain.[1] It appears to have been a hybrid motion for some type of post-conviction relief and motion to modify his sentence. In documents he filed in this modification action, which he included with his habeas corpus petition, he refers to it as a request for a "reduction of sentence" and as a pro se petition for post-conviction relief. The state trial court denied this motion on the merits as a motion to modify Weathers' sentence, and he has not appealed from that judgment. The existence of this motion does not affect the issue of exhaustion. Any attempt to seek further relief on any claims that he may have attempted to raise in both this motion and his 1992 motion for post-conviction relief would be futile. See Wallace, 778 F.2d at 1225.
 
 
 5
 The federal district court received Weathers' petition for a writ of habeas corpus on September 13, 1993, and it allowed the petition to be filed on October 18, 1993, after Weathers paid the filing fee. On November 22, 1993, Weathers filed a belated notice of appeal from his 1992 post-conviction motion in state court. The district court dismissed Weathers' habeas corpus petition for failure to exhaust his remedies in order to allow Weathers to pursue this appeal.
 
 
 6
 The State has raised a jurisdictional issue with respect to the convictions for delivery of a controlled substance and robbery. Without providing any formal evidence of discharge, the State contends that Weathers had completed these two sentences before he filed his petition in the district court.[2] Thus the State argues that he was not "in custody" with respect to these two convictions and that the District Court lacked jurisdiction over them. "To petition a federal court for habeas corpus relief from a state court conviction, the applicant must be 'in custody in violation of the Constitution or laws or treaties of the United States.' " Garlotte v. Fordice, 115 S.Ct. 1948, 1949 (1995) (emphasis added). A district court does not have subject-matter jurisdiction to review expired convictions solely on the grounds that the petitioner had once been in custody because of them.[3] See Garlotte, 115 S.Ct. at 1951. However, even if prior convictions do not fulfill the "in custody" requirement, a court does have jurisdiction to the extent of determining whether alleged invalidity of the prior convictions may affect the constitutionality of the conviction from which the current custody derives. See Tredway v. Farley, 35 F.3d 288, 292 (7th Cir.1994), cert. denied, 115 S.Ct. 941 (1995).
 
 
 7
 "That a person happens to be in custody is of course not a sufficient reason to rummage through old judgments in search of ones that may be invalid." Crank v. Duckworth, 905 F.2d 1090, 1091 (7th Cir.1990), cert. denied, 498 U.S. 1040 (1991). Before the court may grant habeas relief due to the invalidity of a prior conviction, the prisoner must prove that "there was a 'positive and demonstrable nexus between the current custody and the prior conviction,' " Lowery v. Young, 887 F.2d 1309, 1311 (7th Cir.1989), such that the prior judgment caused the augmentation of the current one. Crank, 905 F.2d at 1091. The district court may determine whether a nexus between the convictions exists before considering the merits of claims concerning the prior conviction. "Prudence counsels answering the causation question first." Id. In addition, a federal court will inquire into the merits of the constitutionality of a prior conviction that was used to enhance a present state sentence only if the petitioner has not been afforded a full and fair opportunity to contest the prior conviction. Smith v. Farley, 25 F.3d 1363, 1367 n. 8, 1370 (7th Cir.1994), cert. denied, 115 S.Ct. 908 (1995). The district court may address this issue further on remand.
 
 
 8
 "[E]xhaustion of state remedies is determined at the time that the petition for habeas corpus is filed." Verdin v. O'Leary, 972 F.2d 1467, 1483 (7th Cir.1992). It appears from materials appended to Weathers' appellate briefs that the district court correctly found that Weathers was entitled to pursue his belated appeal;[4] the Indiana Court of Appeals agreed to allow the appeal, but denied it on the merits. On February 9, 1995, three days after the State filed its Appellee's Brief, the Indiana Supreme Court denied Weathers' petition for transfer. As a result, as we have already noted, the exhaustion requirement would no longer pose an impediment to the review of his petition.
 
 
 9
 The State, which filed its appellate brief under the assumption that exhaustion remained incomplete, argues that Weathers has procedurally defaulted on his Double Jeopardy claim. However, it also generally contends that the record is not sufficient to permit an informed review of the procedural posture of Weathers' claims. Because the record before us is incomplete, arguments concerning the fair presentment of Weathers' claims may best be addressed in the district court after the parties have had an opportunity to supplement the record. Therefore, we vacate the district court's judgment and remand for further proceedings.[5] See Sharpe v. Buchanan, 317 U.S. 238, 238-39 (1942) (per curiam) (vacating court of appeals decision affirming dismissal for lack of exhaustion and remanding for further proceedings because petitioner had successfully exhausted his claims while awaiting review by the Supreme Court).
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 On appeal, Weathers insists that this motion to modify his sentence involves issues different from those that he raised in his habeas petition
 
 
 [2]
 By our calculation, even assuming that Weathers received no good time credit of any sort, the ten year sentence for delivery of a controlled substance would have lasted 2,297 days (3652 days - 1355 days for time served). Weathers' petition for habeas corpus, which was dated August 19, 1993, was signed 2,614 days after he was sentenced or 317 days after the sentence for delivery of a controlled substance would have been completed. By the time he was allowed to file the petition, more than a year had passed since that sentence would have finished. The five year sentence for burglary, which was also reduced for time served, similarly would have ended more than six years before he was allowed to file the petition
 
 
 [3]
 The Supreme Court has recently clarified an exception to this rule. If two sentences run consecutively, a prisoner is "in custody" for both. Id. at 1952; Peyton v. Rowe, 391 U.S. 54, 64 (1968). Here, the sentences ran concurrently
 
 
 [4]
 Neither party contests the court's decision to act sua sponte on the issue of exhaustion even though the State alleged that exhaustion was complete. Since it has not been raised before us and given our disposition in this case, we decline to address the issue
 
 
 [5]
 We believe that we have some discretion as to how to address exhaustion of state remedies during the pendency of an appeal. The other circuits have indicated a variety of solutions for this problem. Cf. Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir.1988) (holding that "[a]n appellate court ... may give relief if state remedies are exhausted by the time it acts...."); Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir.1988) (holding that since exhaustion had been achieved, court of appeals may give relief, and proceeding to consider merits of case), disapproved on other grounds, Shafer v. Stratton, 906 F.2d 506, 509 (10th Cir.1990); Domaingue v. Butterworth, 641 F.2d 8, 14 n. 7 (1st Cir.1981) (dictum) (saying that vacating judgment as in Sharpe v. Buchanan, 317 U.S. 238, 238-39 (1942) (per curiam), is not mandatory and that court would require filing of new petition if state remedies become exhausted); Bufalino v. Reno, 613 F.2d 568, 571 (5th Cir.1980) (dictum) (saying that federal court can give relief despite failure to exhaust if the remedies have been exhausted by time that federal court acts); Salama v. Virginia, 605 F.2d 1329, 1330 & n. 1 (4th Cir.1979) (affirming dismissal despite exhaustion during pendency of appeal because court of appeals refused to take judicial notice of state records entered on appeal, and distinguishing Sharpe on grounds that due to fair presentment issues, the district court could better determine whether exhaustion occurred); Thompson v. White, 591 F.2d 441, 443 (8th Cir.1979) (per curiam) (vacating district court order with respect to exhausted issues). But cf. Carr v. Simpson, 412 F.2d 838, 839 (5th Cir.1969) (per curiam) (holding that Sharpe dictates vacating judgment and remanding case to district court); Davis v. Jackson, 246 F.2d 268, 269 (2d Cir.1957) (per curiam) (holding, with citation to Sharpe, that court must act on situation as it now exists; remanding case to district court)